3bu259
d105 320

CASE 78—PETITION—FEBRUARY 13.

# Barbee vs. Pitman.

### APPEAL FROM ADAIR CIRCUIT COURT.

1. Section 11, chapter 97, Revised Statutes, providing for the release of sureties in bonds having the force of a judgment, when the plaintiff, at any time for the space of a year, fails to issue execution, &c., applies only, to bonds to beneficial creditors, who alone may control the collection by execution, and have the right to either forbear or enforce the collection.

2. On a bond executed *pendente lite* in an attachment suit, for property sold by the sheriff, payable to the sheriff, "*for such uses as may hereafter be adjudged by the court*," the surety is not released by forbearance to issue execution on the bond for the space of a year after it became due. The party entitled to the money had not been ascertained. There was no creditor or plaintiff who could issue execution, and none, therefore, whose forbearance could release the surety in the bond. The court could enforce the bond either by rule or execution.

STEWART, For Appellant,

CITED—

*Rev. Stat., 2 Stant.*, 400.

RUSSELL & AVRITT, For Appellee,

CITED—

*Civil Code, sec.* 239.

*Revised Statutes, chap.* 97, *sec.* 11.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In an attachment suit an attached mare was sold, *pendente lite*, by order of court, and bought by one Brown, who, with his surety, the appellant Barbee, executed a bond for eighty-five dollars, payable in ninety days, *to "said officer, for such uses as may hereafter be adjudged by the Adair circuit court.*"

Before it had been ascertained who should have the money, and more than a year after the maturity of the bond, the court ordered the officer to collect the bond. The officer having reported that the principal was insolvent, and that the surety claimed exoneration by lapse of time, the court made a rule on the obligors to show cause why they refused to pay. In response to that rule, the appellant, Barbee, urged his release by forbearance to issue execution on the bond for more than a year after it became due. Disregarding that defense as unavailing, the court rendered judgment for the amount of the bond.

The appellant relies for reversal on the 11*th section of chapter* 97, *Revised Statutes, page* 400, in these words: " If the *plaintiff* in any bond having the force of a judgment, shall, at any time for the space of a year, while *he* is entitled to have execution, fail to issue execution and in good faith prosecute the collection thereof, the surety in such bond shall be released from all liability as such, and any execution thereafter issuing on the bond shall be so indorsed."

This enactment applies only to bonds to beneficial creditors, who alone may control the collection by *execution*. It cannot be constructively applied to such judicial bonds as that in this case, the collection of which the court alone could control. The forbearance of the party who has a right to the money, and to either forbear or enforce the collection by *execution*, is the only reason for the enactment.

But here, not only was the bond made payable to the *officer of the court,* but, *the suit still pending,* the party entitled to the money had not been ascertained by judgment, and no execution could be issued without an order by the court, which might enforce the bond either by rule

or execution. *There was no creditor who could issue execution, and none, therefore, whose forbearance could release. the surety in the bond.*

If any statutory limitation applies to this case, it is that portion of the 12th section, of the same chapter, which provides, that "a surety in any bond, given in the course of any judicial proceeding, shall be discharged from all liability thereon unless suit be brought thereon within seven years after *the accruing of the cause of action.*" But that provision is clearly inapplicable to this case.

Wherefore, the judgment is affirmed.