5bu171
d105 320

CASE 22—MOTION—APRIL 26.

# Haddix, adm'r, vs Chambers & Little.

APPEAL FROM BREATHITT CIRCUIT COURT.

A sale bond was executed to a commissioner on a sale ordered by the Breathitt circuit court in 1858. By direction of one of the parties to the suit, executions were issued on the bond in 1860, 1861, 1866, 1867. The last execution was quashed, and the sureties released, on motion and rule by said circuit court. The record does not show that the court had adjudged the fund to any one, or even that the court had authorized or ordered the money to be collected. For this reason, and also because of the disturbed condition during the war in that part of the State, the destruction of the clerk's office and the suspension of the statute of limitations by the act of February 20, 1864 (*Myers' Supplement*, 293), the judgment releasing the sureties and quashing the execution is reversed, with directions for a new trial, when a more full and satisfactory presentation of the legal points involved may be made.

Wm. L. Hurst,                                           For Appellant,

CITED—

*Revised Statutes, sec.* 11, *chap.* 97.

A. J. James and
Isaac N. Caldwell,                                      For Appellees,

CITED—

*Rev. Stat., sec.* 2, 2 *Stant.*, 400, *and sec.* 11, *p.* 657.
15 *B. Mon.*, 134–5; *Spillman & Duff vs. Smith.*

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

On a rule, the court released the appellees as securities of A. B. Patrick, and quashed an execution which had issued against said Patrick and themselves on a sale bond executed to W. L. Hurst, commissioner in the case of

*Wm. G. Haddix, administrator, vs. Wm. Haddix's heirs,*
for five hundred dollars, with interest at one year, dated
September 20, 1858.

It appears that an execution had issued in the year of
1860, and another in the year of 1861; then another Sep-
tember 27, 1866, and then the one quashed, dated April
1, 1867; that there was much trouble during the late war
in Breathitt county; and that the clerk's office, together
with the circuit court records, were destroyed by fire
during the war; that said Patrick was the clerk, and
complained to Haddix of his disposition to oppress him
by urging the debt collected; and that, in the destruction
of the records, Patrick saved this bond, and kept it as a
private paper until after the close of the war, when he
returned it to his successor in the year 1866; that he re-
moved, in the year 1864, to Fayette county, and has not
since resided in Breathitt; and that Haddix left Breathitt
during the war, and did not remove back until after its
close.

The bond shows on its face to have been executed
on a sale ordered by the chancellor; but there is no
effort to prove that the money had ever been adjudicated
to Wm. G. Haddix, nor any reason shown why he should
control the execution; not even an effort to prove that
the court had ever authorized or ordered the money to
be collected.

In the absence of any such orders, as decided by this
court in *Barbee vs. Pittman* (3 *Bush*, 259), and *Rankin vs.
White* (*same*, 545), section 11, chapter 97, 2 Stanton's Re-
vised Statutes, 400, does not apply to such bonds, as the
collection of these by execution, rule, or attachment, must
be controlled by the court alone as to time and manner
of enforcement. Besides, the evidence indicates that
Breathitt county was in a deranged and perhaps disor-

Haddix, adm'r, vs. Chambers & Little.

ganized condition during the war, which is also strongly indicated from the act of February 20, 1864 (*Myers' Supplement*, 293), suspending the running of the statute of limitations in said county, together with others, and declaring that, owing to the suspension of the courts by reason of the rebellion, from May 1, 1861, that the time from that period until the reopening of the courts shall be excluded from the computation of time in applying the statute of limitations; and there may have existed such a state of affairs as to make this altogether reasonable on the part of the courts, even without the aid of this statute.  But however this may be, before the appellees can escape responsibility, they must show a legal reason for their release, which is not manifested in this record; for though Haddix did seem to control the first two executions, as well as the last one, yet his action may have been wholly unauthorized by the court, or may have been superinduced by the mistaken belief that he had the right to control and collect the money without any order from court.

The record manifests that both parties were laboring under the mistaken supposition that the 11th section of chapter 97 of the Revised Statutes necessarily applied to bonds of this character.

Wherefore, the judgment is reversed, with directions for a new trial, when a more full and satisfactory presentation of the legal points involved in this case may be made.