3bu545
d105 320

3bu 545
e110 116
h110 119

CASE 23—JUDICIAL BOND—JUNE 17.

# Rankin vs. White, &c.

### APPEAL FROM GRANT CIRCUIT COURT.

1.  The surety in a bond having the force and effect of a replevin bond, executed to a commissioner for money in litigation, deposited in court and loaned by order of court, *is not released from his liability* thereon by a failure to issue execution on the bond *for more than a year* after its maturity.

2.  Section 11 of chapter 97 of the Revised Statutes (2 *Stanton*, 400) does not apply to judicial bonds, the collection of which, by execution, rule, or attachment, *must be controlled by the court alone, as to the time and manner of enforcement*, and might be prudently suspended for much more than a year, and even during the pendency of the litigation between the parties claiming the fund.

RANKIN & HAMILTON and
J. L. SCOTT,                                        For Appellant,
                    CITED—
*Revised Statutes, sec.* 11, *chap.* 97, 2 *Stanton*, 400.
15 *B. Mon.,* 134; *Spilman vs. Smith.*
11 *B. Mon.,* 230; *Leavitt vs. Goggin.*

E. H. SMITH,                                        For Appellees,
                    CITED—
*Revised Statutes, secs.* 11, 12, *chap.* 97.
*MSS. Opin., Winter Term,* 1867, *Barbee vs. Pitman.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In response to a rule to pay into court three hundred and sixty dollars, which had been deposited for conflicting creditors and loaned, by order of court, to G. W. Nichols, the commissioner who loaned it taking the borrower's

bond with the appellant as surety, the appellant resisted payment on the ground that the bond was executed to " *operate as a replevin bond*," and that, no execution having been issued on it for more than a year after it became due, he was released by *section* 11 *of chapter* 97, *page* 400, *of Revised Statutes*, in these words: " If the *plaintiff* in any bond, having the force of a judgment, shall, at any time for the space of a year, while *he is entitled to have execution*, fail to issue execution, and, in good faith, prosecute the collection thereof, the surety in such bond shall be released from all liability as such."

Neither the letter nor spirit nor aim of this section applies to judicial bonds, the collection of which " by execution, rule, or attachment," *must be controlled by the court alone, as to the time and manner of enforcement ;* and might be prudently suspended for much more than a year, and even during the pendency of the litigation between the creditors claiming the fund.

And this being the opinion of the circuit court, its judgment is affirmed.