JOHN E. NEWMAN *v.* NATHANIEL WICKLIFFE'S EXR., &C.

**Receivers—Fund in Court—Liability on Bond—Limitation.**

> The bond executed by appellant as surety of the receiver was not made payable to any particular person, but it is in substance and effect a bond payable to the commonwealth for the use of the parties named in the bond. This sum had been paid into court and the parties involved in the litigation were each asserting claim to it.

> The cause of action against the appellant did not accrue until the rendition of the judgment ascertaining the parties entitled to it, and such is, in effect, the terms and conditions of the bond.

APPEAL FROM NELSON CIRCUIT COURT.

October 24, 1871.

OPINION BY JUDGE PRYOR:

In a suit in equity pending in the Nelson Circuit Court between W. A. Grigsby, as plaintiff, against N. Wickliffe's executor and C. A. Wickliffe, defendant, the latter paid into court the

sum of $230.30, and this sum was by an order of court directed to be paid over to W. R. Grigsby, who was appointed receiver in the case, and required to execute bond with the appellant, John E. Newman, as his surety, conditioned to have said money with its interest forthcoming to abide any future order of the court which may be made in the case of W. R. Grigsby against N. Wickliffe's executor and C. A. Wickliffe, which bond was duly executed and the money paid over to the receiver in open court. This bond is as follows:

"Be it known C. A. Wickliffe this day paid into court two hundred and thirty dollars and thirty cents in discharge of his bond given in the case of N. Wickliffe and W. R. Grigsby against Martin Foreman, and W. R. Grigsby was thereupon appointed receiver to loan out said sum, and have the same and its accruing interest forthcoming, and to abide any order and decree that may be hereafter made in the suit of *W. R. Grigsby v. N. Wickliffe's Admr. and C. A. Wickliffe.* In the due and proper performance of which duty the said Grigsby and J. E. Newman as surety hereby bind and obligate themselves this 13th of June, 1857."

Grigsby, the receiver, never loaned out this money, but retained it in his own hands.

On the 6th of October, 1869, on motion of Nathaniel Wickliffe's executor a rule was awarded against W. R. Grigsby and the appellant, John E. Newman, to show cause why they should not pay into court the sum of $230.30, with interest, being the amount of the bond executed by the said Grigsby as receiver on the 13th of June, 1857.

The appellant, Newman, responds to this rule, and as a defense insists, first, that the bond is void for the reason that it is not made payable to any particular person or to the court; second, that the bond never was delivered by the principal, or approved by the court, and, lastly, that the right of action or proceeding by rule existed more than seven years prior to the date at which the rule issued, or the commencement of the proceedings against him.

On the hearing of these issues the court adjudged that Grigsby and the appellant, Newman, as his surety, pay into court on or before the third day of the next term of the court the

sum of $230.30, and interest from the 13th of June, 1857, to abide the further order of the court, and from the order the appellant, Newman, prayed an appeal.

This suit as between W. R. Grigsby and N. Wickliffe's executor was finally determined in the month of November, 1870, and by the judgment rendered between these parties it was ascertained that W. R. Grigsby was entitled to a part of the fund in his hands, and the rule was so modified by that judgment as to require the appellant to pay over to N. Wickliffe's executor and C. A. Wickliffe's executor—he having died during the pendency of the suit—the amounts therein adjudged to them, and the balance W. R. Grigsby is permitted to retain, and for which the appellant is not held liable. The appellant, Newman, also appeals from this judgment.

The bond executed by appellant as surety of Grigsby is not made payable to any particular person, but it is in substance and effect a bond payable to the commonwealth for the use of the parties named in the bond. This fund had been paid into court, and the parties involved in the litigation were each one of them asserting claim to it.

It was the duty of the court to loan this fund out and place it in the hands of a receiver for that purpose. Grigsby was appointed the receiver and as such was liable for the money. No bond could well have been executed to any of the parties interested in the suit, as the court had not determined who of the parties were entitled to receive it. The fund was in court, the court could alone control it, and the bond of appellant obligated him with his principal to have this money forthcoming to abide any order or judgment that might be made in the case. The suit was undetermined and no party connected with the case could have collected by execution or by any motion in court, have required it paid over to them. The court alone could order this money paid, and the principal and surety were each bound and liable by the express terms of the bond to have the money and its interest forthcoming to abide any order or decree made in the case.

The twelfth section of Chapter 97, Revised Statutes, page 400, provides that, "a surety in any bond given in the course of any judicial proceeding should be discharged from all liability

unless suit be brought thereon within seven years after the accruing of the cause of action."

The judgment determining the rights of these parties was not rendered until November, 1870, and with this judgment they were in no condition to require the payment of this money to them by the receiver. The object and purpose of placing this money in the hands of a receiver and taking bond from him was that this fund in court might be secured with its interest to the party entitled to receive it.

The cause of action against the appellant did not accrue until the rendition of the judgment ascertaining the party entitled to the money, and such is in effect the terms and conditions of the bond upon which this proceeding was instituted. *Barbee v. Pitman, 3 Bush 260.*

The court had the right to have the whole of the fund paid into court for the purpose of having the same paid over to the parties entitled, and, although Grigsby may have been entitled at the time the rule issued to a portion of the money, still he was compelled under the order to bring the money into court in order that a proper distribution of the fund might be made.

The judgment rendered in the case required the appellant to pay a less sum than the amount required to be paid under the rule, and he has no cause to complain of the judgment.

We perceive no error in the judgment prejudicial to the appellant and the same is now affirmed.

*Newman, James, for appellant.*

*Muir & Wickliffe, for appellees.*