Associate Justice STAYTON did not sit in this case

---

F. J. CANTAGREL ET AL. V. ANNA VON LUPIN.

(Case No. 1448.)

1. LIMITATION.— To make the statute of five years available as a defense, it is not necessary that the land should have been assessed as the property of the defendant. The payment of taxes by the defendant is sufficient, without regard to the assessment.

2. POSSESSION — LIMITATION.— An actual, visible and exclusive appropriation of land is constituted by the fencing and continued use of it as a pasture, without an actual residing on it; and this is a sufficient possession under the five years' statute.

3. POSSESSION.— A mere intruder upon land holds only to the limits of his actual inclosure, while one who enters under a claim or color of title may hold to the boundaries described in the deed under which he claims.

4. LIMITATION.— The protection of the five years' statute may be invoked by one in possession under a claim of right, who holds under a deed recorded, though the authority of his vendor, who assumed to convey under a power of attorney, is not produced. If proof of the existence of the power would have made his title good without regard to the length of his possession, the absence of that proof was the very defect which possession under the five years' statute was intended to cure.

5. CERTAINTY OF DESCRIPTION.—Possession under a recorded deed, which described the land as "all the land" which the vendor owned "in Harris county," is a sufficient description of the land under the plea of five years' limitation, when it is shown that the vendor had a recorded deed describing the particular land.

6. SAME.— A like possession, open, notorious and adverse, as lessee under one claim-
ing title under deed recorded, is sufficient under the five years' statute, though the
lessee entered under a contract of lease made with one who assumed to have
authority to make the lease from the vendee in the deed, but whose authority did
not appear.

APPEAL from Harris. Tried below before the Hon. James Mas-
terson.

Action of trespass to try title, instituted February 25, 1881, in
the district court for Harris county, by the appellees, Anna Von
Lupin and her husband, Theodore Von Lupin, and Charles Von
Zeuner, against the appellants, Cantagrel and Blau, to recover fifty-
one and one-eighth acres of land situated in Harris county, near
Houston, and the value of the rent. The petition prayed that, in
the event it should be held that plaintiffs were not entitled to recover
all the land, but were entitled to recover one-half of it, then judg-
ment was asked for that, and for a partition, and that commissioners
be appointed to make partition. The land was alleged to be the
property of the plaintiffs Anna and Charles, the husband of Anna
(Theodore) being joined as a plaintiff only *pro forma*.

The defendants answered by filing general demurrers, general de-
nials, pleas of not guilty, and pleas of the three, five and ten years'
statutes of limitation; and the defendant Cantagrel suggested valu-
able improvements in good faith.

The cause was tried at the fall term, 1881, before the court, no
jury being demanded, and resulted in a judgment for plaintiffs for
one-half the land, and for $75 rent and costs of suit, and commis-
sioners were appointed to make partition of the land. Plaintiffs
afterwards remitted $35 of the judgment for rent, leaving the judg-
ment in favor of plaintiffs to stand for $40 rent, for costs, and one-
half the land.

The motion of defendants for a new trial was overruled and they
appealed.

The plaintiffs claimed as the only surviving heirs of Axel Von
Zeuner and his wife, Christiane Von Zeuner.

The defense was placed upon the following grounds:

On May 26, 1853, Zeuner and wife, being the owners of the
land now in dispute, executed a deed of trust upon it in favor of
Thos. M. Bagby, trustee, to secure a debt due to Kauffman and
Kosse, amounting to $376.

In the latter part of the year 1853 the husband died intestate.
On the 26th of March, 1855, the surviving wife paid the debt and
took from the trustee and the beneficiaries a release to herself of the

trust deed, and on the same day she conveyed the land to John W. Schrimpf, the consideration recited being $300.

May 17, 1855, Schrimpf conveyed the land by metes and bounds to Victor Considerant. The deed was duly recorded June 29, 1855.

November 19, 1859, Considerant conveyed the land by metes and bounds to the European and American Colonization Society. The deed was recorded November 30, 1868.

October 19, 1875, F. Giraud, as sole director of the European and American Colonization Society, conveyed to the defendant T. J. Cantagrel, among other things, all the lands belonging to said colonization society situate in Harris county, Texas. This deed recites that it was made pursuant to an order of the stockholders of said corporation, made at a general meeting of said stockholders at Paris, France, on the 15th day of April, 1875, a certified copy of which order (the deed recites) was on file in the office of the maker of the deed in San Antonio, Texas. The deed further recited that by the terms of the order, he, the director, was charged with the duty of executing the conveyance to Cantagrel.

The director signed with his scroll for seal, stating that the corporation had no seal in the state. The corporation was chartered by the state of Texas.

This deed was recorded in Harris county December 2, 1875.

It was proved that the defendant Blau had been in possession of the land since the beginning of the year 1876; that he fenced the land in February, 1876, completing the fence on the 10th of that month; and from that day to the present he had kept the land inclosed, using it as a pasture for his stock. He claimed to be a tenant of the defendant Cantagrel, and produced a lease executed by F. Giraud as agent of Cantagrel in 1875.

Plaintiffs objected to this lease because it was not shown that Giraud had authority to make it.

When the deed from the society to Cantagrel (by Giraud) was offered in evidence, plaintiffs objected to it:

1st. Because it was not shown that Giraud was a director.

2d. The society appeared to be a corporation having, or entitled to have, a seal, and no such seal was upon the instrument.

3d. This particular tract of land was not described in the deed.

4th. It was not shown that Giraud had authority to execute the deed.

Objections overruled and plaintiffs excepted.

The plaintiff Anna was born in 1849, and was married in 1879. Charles was born in May, 1852.

The six assignments of error may, in view of the opinion, be reduced to two, as follows:

1st. The court erred in rendering judgment for plaintiffs for any part of the land.

2d. Error in overruling motion for new trial.

*Jones & Garnett*, for appellants.

I. The proof showing a valid outstanding title to the land in controversy, under the deed from Christiane Von Zeuner to John W. Schrimpf, and which was superior to plaintiffs' claim, the plaintiffs were not entitled to recover, even though this outstanding title was not in defendants, and judgment should for this reason have been rendered for defendants. Styles *v.* Gray, 10 Tex., 504; Jones *v.* Jones, 15 Tex., 146; Monroe *v.* Leigh, id., 520; Claiborne *v.* Tanner, 18 Tex., 79; Maxwell *v.* Morgan, 20 Tex., 202–204.

II. The proof showing that at the date of Axel Von Zeuner's death he and his wife owed a debt of several hundred dollars, which was secured by a deed of trust executed by them on the land in controversy, and that after Axel's death his widow, Christiane, sold the land, and on the same day paid off and took up the deed of trust, and more than twenty-five years having elapsed since that time, and Christiane Von Zeuner being dead, the plaintiffs cannot recover the land without refunding the amount so expended by the widow in paying off the incumbrance, and there being no offer to do this, the judgment should have been for defendants.

III. The evidence on the trial of this cause in the court below showed conclusively that the defendants had title to the land in controversy under the five years' statute of limitation, and they were entitled to judgment on their plea of this statute for the land, and that the plaintiffs take nothing by their suit. R. S., arts. 3193, 3199; Wofford *v.* McKinna, 23 Tex., 43; Washburn on Real Property, vol. 3, p. 333, subd. 24 of ch. 5 of sec. 4.

IV. Even if the deed from Giraud, as sole director of the European and American Colonization Society, to defendant Cantagrel, was not such a deed as could form the basis for claiming under the five years' statute of limitation, yet the deed to the society from Considerant, under which deed as well as the deed to Cantagrel the defendants claimed the land, did constitute such a deed, and sustained the plea of the five years' statute, so far as a genuine deed duly recorded was required to make out the defense, it appearing that there was a privity of estate between the society and the defendant Cantagrel. R. S., arts. 3193–3199.

*William H. Crank* and *William G. Webb*, for appellees.

I. It was incumbent on the defendants below to show affirmatively by proof that the sale from Mrs. Von Zeuner to Schrimpf was made to pay community debts or a community debt, and this the proof did not show.

1st. It is a fair legal presumption, in the absence of proof to the contrary, that the deed of trust to Bagby and the debts secured by it, if held to be community debts, were paid by Mrs. Von Zeuner out of other community means of herself and her deceased husband, and not out of the proceeds of the sale of the land by her to Schrimpf.

2d. The facts that Mrs. Von Zeuner paid $376 in full of said deed of trust and the debts secured thereby, and on the same day deeded the land to Schrimpf for $300, are no evidence, in the absence of other proof, that she used the $300 to assist her in paying the $376, and especially, as instead of taking an assignment of the deed of trust and the debts secured thereby to herself, she simply paid the debts in full and took a simple release to herself; and further, especially as Axel Von Zeuner had paid Schrimpf $511.25 for the land.

3d. Mrs. Von Zeuner was a party both to the debts and the deed of trust which secured them, and as the land was community property, and it was not necessary for her to sign a deed of trust upon community land to secure a debt of her husband, it is more reasonable to hold that the debts secured by the deed of trust were her own, or for the benefit of her separate property, than to hold that they were community debts.

4th. As the land was community property, the deed to Schrimpf from Mrs. Von Zeuner only passed to him one undivided half of it, and as the deed from Schrimpf to Considerant recites on its face that the land conveyed by said deed was the same premises conveyed by said Schrimpf to Axel Von Zeuner, and by Christiane Zeuner, widow of said Axel, reconveyed to said Schrimpf, said Schrimpf and those who claim under him had notice by said recital that Schrimpf only purchased such interest as the widow of said Axel Von Zeuner held, to wit, one undivided half. Law of 1848, Hart. Dig., p. 737, art. 2422; Same in Pasch. Dig. of Laws, vol. 1, p. 777, art. 4622; Same in Revised (Civil) Statutes, p. 247, art. 1653, and p. 412, art. 2852; Walker *v.* Howard, 34 Tex., 478; Johnson *v.* Harrison, 48 Tex., 257; Peters *v.* Clements, 46 Tex., 115; Fisk *v.* Flores, 43 Tex., 340; Robertson *v.* Guerin, 50 Tex., 317.

II. Appellants contend that judgment should have been rendered below in favor of the defendants, now appellants, on their plea of

the statute of limitation of five years.   To this we object, and answer by the following counter propositions, viz.:

1st. That the so-called deed from F. Giraud, as sole director in Texas of the European and American Colonization Society, was not such a deed as would support the plea of five years' limitation, for reasons stated in the bill of exceptions of the plaintiffs below, made when said so-called deed was offered in evidence, to wit:

(1) Because it has neither been shown that F. Giraud was, at the date of the same, a director in said society, nor that he had any interest in said society, or any interest in the property mentioned in the instrument.

(2) It has been shown that said society was a corporation having, or entitled to, a corporate seal, and it therefore could only sell and convey its property by the use of said seal, and the instrument offered having no seal of said corporation to it, it is neither admissible, nor does it convey any right or title.

(3) It has not been shown that said instrument covers the land in · suit, nor does it describe or identify it.

(4) No authority to said Giraud to execute said instrument has been shown.

2d. The court should have sustained these objections, and refused to allow said supposed deed to be read in evidence.

3d. And that said supposed deed was a nullity, because no authority under the seal of said corporation was shown to said Giraud, nor any authority shown to him at all to execute it; and there was no seal of said corporation affixed by Giraud to said instrument, though by implication by the last lines of the deed there was a corporate seal of said society.

4th. That said Giraud, by said instrument, did not claim any interest in said land in himself, nor for himself attempt thereby to convey any, and having alone attempted to convey for said corporation, and the instrument being a nullity as shown above, it could not support the limitation pleaded.

5th. That the lease read in evidence only authorized Blau, one of the appellants, " to inclose the same " (land) " with a fence as a pasture," and by a fair construction of the whole lease gave him no other right than to make a pasture of it, and that the use of the land under the facts in this case could not support the limitation of five years under our laws.

6th. That the use made by Blau of the land was not such a possession as could support the limitation of five years, and that it was not continuous.

7th. That to support the plea of five years' limitation, Cantagrel should have shown that he himself, in person or by his agent, rendered the land in his own name for taxes, and paid the taxes thereon for the time necessary to complete the bar; but the contrary appears, and no evidence was given that R. A. Giraud was ever appointed by Cantagrel to be his agent for these purposes, and the land was never rendered for taxes in the name of Cantagrel, nor the taxes paid in his name, and no authority to F. Giraud or his son or Bourgeois to act as agent for Cantagrel, or to make R. A. Giraud the agent of Cantagrel, was shown; and the fact that Cantagrel defended the suit and claimed Blau to have been his tenant cannot cure these defects, especially as had F. Giraud and his son and Bourgeois been each the agent of Cantagrel, and had R. A. Giraud been his sub-agent under the others, it could have been proven, and was not proven. Law of 1871, vol. 2, Pasch. Dig. of Laws, p. 1219, art. 5966; enacting clause to last, supplied in Laws of 1873, p. 42, ch. 33; Rev. Civ. Stat., pp. 100, 600; Wheeler v. Moody, 9 Tex., 372, 377; Gillespie v. Jones, 26 Tex., 343; Peyton v. Barton, 53 Tex., 298, 304; Ledyard v. Brown, 27 Tex., 293, 405.

III. A jury having been waived, and the case tried before the district judge in open court, there being no manifest error, and as the evidence will sustain the judgment, this appellate court will not reverse the judgment. Bird v. Pace, 26 Tex., 488; Jordan v. Brophy, 41 Tex., 283; Baldridge v. Scott, 48 Tex., 178 Woodson v. Collins et al., Galveston term, 1882; Gilliard v. Chesney, 13 Tex., 337; Patton v. Mills, Dallam, 364.

DELANY, J. COM. APP.— We will consider only the questions arising out of the plea of the statute of limitations of five years which was interposed by appellants. The court below admitted all the evidence which was offered under the plea, and as the judgment was in favor of the plaintiffs, the presiding judge must have thought the evidence insufficient.

The plaintiff Anna was twenty-one years of age in the year 1870, and she married in 1879. If the statute commenced to run against her when she became of age, it was not suspended by her subsequent marriage.

The plaintiff Charles attained his majority in the year 1873.

The defendant Blau, as the tenant of his codefendant Cantagrel, was in possession on the 10th of February, 1876. On that day he completed the inclosure of the land by a fence, and continued to hold and use it, as such tenant, to the day of the trial. He regu-

larly paid the taxes upon it. He held it under certain instruments
of writing which the defendants maintain were deeds duly recorded
in Harris county, where the land lay.

This suit was filed on the 25th day of February, 1881, which was
more than five years after the possession taken by the defendants,
as described above.

By the statute, a party claiming land under the limitation of five
years must have "peaceable and adverse possession thereof, culti-
vating, using or enjoying the same, and paying taxes thereon, if
any, and claiming under a deed or deeds duly registered." R. S.,
art. 3193.

As the possession in this case was clearly adverse and for a suffi-
cient length of time, as the taxes were regularly paid, if the
plaintiffs are not barred of their rights, it must be because the pos-
session and the use, cultivation or enjoyment by the defendant
Blau were not such as the statute requires, or because the written
instruments under which the claim was made cannot be called deeds
within the meaning of the statute. Counsel for appellees present
these objections to the defense as made below, and another to the
effect that the land was not assessed as the property of Cantagrel,
but in the name of his supposed vendor, the colonization company.
The statute says nothing about the assessment. It merely demands
the payment of such taxes as may be due. We do not think that
the method of assessment could have deluded the plaintiffs into the
belief that Blau's possession was held in subordination to their claim.

The possession, we think, was such as is contemplated by the stat-
ute. It was an "actual, visible and exclusive appropriation of the
land, commenced and continued under a claim of right." Angell
on Lim., sec. 390. Although the defendant was in possession under
a claim or color of title, and was not, therefore, to be regarded as a
mere naked disseizor, yet he placed upon the land a "substantial,
visible inclosure," which is said to be decisive proof of the disseizen
of the true owner. Whitehead v. Foley, 28 Tex., 285.

The defendant did not actually live upon the land. He used it
as a pasture for his horses and cattle, while his residence was two
or three hundred feet away. We do not think that this makes any
difference. If he had actually placed his house upon the land, his
occupation of it could hardly have been more conspicuous. It ap-
pears that after he had inclosed the lot he withdrew the fence on one
side some sixteen feet within the boundary line, in order to prevent
other persons from joining fences with him. This circumstance, we
think, has no significance, inasmuch as the defendant is not to be

considered as a mere intruder. The intruder or disseizor holds only to the limits of his actual inclosure; while he who enters under a claim or color of title may hold to the boundaries described in the deed or deeds under which he claims. Whitehead v. Foley, *supra*.

But it is insisted that the conveyance from the colonization society to the defendant Cantagrel is not a deed within the meaning of the statute; and the chief reason assigned is, that there is no evidence of any authority in the agent Giraud to make it. The answer is that the instrument upon its face is a deed, and not a mere contract or agreement to convey. It is a good deed considered by itself, and the only defect is that the power of attorney is not produced. This is the very circumstance which renders limitation necessary. "If," says Chief Justice Wheeler, "the power must be shown, then the defendant must not only have a deed, but a title good in itself, before he can claim the protection of the statute. Such manifestly was not the intention of the law." Wofford v. McKinna, 23 Tex., 44. This objection, we think, cannot be maintained.

Nor can the further objection prevail, viz., that the deed does not describe the land. There is no misdescription or falsity of description such as is mentioned in the case of Kilpatrick v. Sisneros, 23 Tex., 136. The objection is that the tract of land is not fully described in the deed.

The instrument conveys to Cantagrel all the land which the vendor owned in Harris county. "That is certain which can be rendered certain." As soon as we find upon the records of that county a deed to the defendant's vendor which describes this tract of land and completely identifies it, we perceive that it is a part of the property which the vendor conveyed to the vendee by the deed now under discussion. Objections of this kind have sometimes been sustained; but such instances occur in cases where the misdescription is calculated to mislead, and when there are no means of correcting it.

In the case of Kilpatrick v. Sisneros, 23 Tex., 136, Chief Justice Wheeler says: "The falsity of description ran through the tax deeds and all the mesne conveyances; and was such, there being no other means of identity or certainty in the description of the land, as naturally to induce the supposition, upon inspection, that they did not embrace the land in question." There is no difficulty in identifying the land in the case before us.

The objection to the lease is, in our opinion, alike untenable.

The objection is that it was made by Giraud as agent, and no power in him is shown.

Whether Giraud had authority to execute the instrument is not the question. He did not make it claiming to be the agent of Cantagrel. Blau held under it, recognizing Cantagrel's title and repudiating the title of the plaintiffs. The plaintiffs cannot pretend that he was holding under them, and, having acquiesced in his hostile possession for more than five years, they cannot make this objection to the lease. Gillespie v. Jones, 26 Tex., 343.

The cause having been submitted to the court without a jury, our opinion is that the judgment should be reversed, and that the supreme court should render such judgment as should have been rendered below; that is judgment for the defendant.

REVERSED AND RENDERED.

[Opinion adopted February 23, 1883.]

