## M. S. ALEXANDER v. W. P. NEWTON.

### No. 953.

**Limitation of Five Years—Insufficient Deed.**

Adverse possession of land for five years under recorded deed will not vest title by limitation, where the field notes of the deed do not embrace the land so held, and the further description in the deed, of "all the right, title and interest that I may possess under the ten years' statute of limitation," will not serve to identify the locality and boundaries of the land so claimed.

APPEAL from Kaufman. Tried below before Hon. J. E. DILLARD.

*Huffmaster & Huffmaster*, for appellant.—1. The deeds under which defendant claims title do not describe the land in controversy and are insufficient to notify plaintiff that defendant was setting up any claim to the land in controversy, and therefore the charge of the court upon the five years' statute of limitation was erroneous. Cook v. Oliver, 83 Texas, 559; Harkness v. Devine, 73 Texas, 628; Bullock v. Smith, 72 Texas, 548; Acklin v. Paschal, 48 Texas, 169, 175, 176; Butts v. Caffall, 24 S. W. Rep., 373.

2. The remaining description contained in the deed from Vienna Wilson to defendant Newton, to-wit: "And I do hereby transfer and convey unto the said W. P. Newton all the right, title and interest that I may possess under the ten years' statute of limitation," is not sufficient to notify plaintiff that defendant was claiming any part of plaintiff's 124 acres. Cook v. Oliver, 83 Texas, 559; McDonough v. Jefferson Co., 79 Texas, 535.

*Lee R. Stroud*, for appellee.—The deed from Vienna Wilson to defendant, when the whole context thereof is duly considered, will constitute sufficient notice that the defendant, W. P. Newton, was claiming the 640 acres which include the 124 acres in controversy, and all the recitals of said deed taken together would put a prudent man upon inquiry as to the land claimed under it. Flannagan v. Boggess, 49 Texas, 331; Hobby's Texas Land Law, section 274; Slayton v. Singleton, 72 Texas, 409; Overand v. Menscer, 83 Texas, 127, 128; Howard v. Kopperl, 74 Texas, 495; Martel v. Somers, 26 Texas, 561; Brotherton v. Weatherly, 63 Texas, 471; Pasch. Dig., art. 4624; Smith v. Garza, 15 Texas, 156, 158.

LIGHTFOOT, CHIEF JUSTICE.—We adopt the following statement

of the case as substantially correct: Appellant, M. S. Alexander, instituted this suit against W. P. Newton on January 30, 1893, in the usual form of an action of trespasss to try title to recover a certain tract of land situated in Kaufman County, containing 124 acres, a part of the Andrew Nail league, the field notes and boundaries being particularly set forth in plaintiff's petition.   October 10, 1893, appellant, as plaintiff below, filed his first amended original petition, alleging that on January 1, 1893, plaintiff was lawfully seized and possessed in fee simple of said 124 acres of land, and that afterwards, to-wit, January 2, 1893, defendant, W. P. Newton, unlawfully entered into and upon said land and ejected plaintiff therefrom, and plaintiff claimed damages and rents.

September 4, 1893, defendant filed his original answer, containing general and special exceptions and a plea of not guilty.   October 4, 1893, defendant filed his first amended original answer, containing (1), general demurrer; (2), plea of not guilty; (3), plea of limitation of three years; (4), plea of limitation of five years; (5), plea of limitation of ten years; (6), suggestion of improvements in good faith.   March 9, 1894, defendant filed in court a plea admitting the better title in plaintiff to the land in controversy, and that plaintiff can recover the same, unless defendant can make out title under his pleas of limitation of five and ten years.   There was a judgment for defendant, and plaintiff has appealed.

It is claimed by appellee that he holds by limitation the 124 acres of land in controversy as a part of the Andrew Nail league. That he holds under a deed from the widow of Caleb Hurd, who settled in the north corner of the league, and that 640 acres, surveyed in a square so as to embrace the Hurd improvements, will include the 124-acre tract in controversy.   The following is a plat of the land as claimed by appellee:

Upon the trial appellee, under his plea of the five years' statute, introduced in evidence a deed from Vienna Wilson to himself, dated November 22, 1887, which was filed for record the next day, and recorded January 2, 1888. This deed described the land conveyed as follows: "All that certain parcel of land known as the tract of land upon which I and my former husband, Caleb Herd, settled in the year 1852, and continued to occupy until sold and conveyed to W. P. Newton on the date hereof, said tract or parcel of land known as a part of the Andrew Nail league and labor of land situated in Kaufman County, Texas, on the waters of East Fork of the Trinity. Beginning south 2 west from the north corner of Andrew Nail league and labor of land, a stake from which a locust six inches in diameter bears south 48 east 11 vrs.; a bois d'arc 4 inches in diameter bears south 20 west 1½ vrs.; thence south 43 east 618 vrs. to a stake near head of ravine, from which an ash 4 inches in diameter bears south 10 west 29½ vrs.; thence south 45 west 1460 vrs. to a stake in timber; thence north 43 west 618 vrs. to stake from which a locust 5 inches in diameter bears south 48 east 2 vrs., a locust 3 inches in diameter bears south 40 east 2¾ vrs.; thence north 45 east 1460 vrs. to the place of beginning; containing one hundred and twenty-four acres of land, or all the land that I may be entitled to by virtue of my ten years' residing on same and using and cultivating it. And I do hereby transfer and convey unto the said W. P. Newton all the right, title and interest that I may possess under the ten years' statute of limitations."

The court below charged the jury, in substance, that if they believed from the evidence that appellee took possession of the land in controversy under said deed, and remained in such possession from January 2, 1888, a period of five years before this suit, having peaceable adverse possession of the same, and claiming the same as his own property, and using and enjoying the same and paying taxes thereon, then the jury should find for appellee.

Appellant, under proper assignment of error, attacks this charge, because the deed under which appellee claimed to hold does not describe the land with sufficient certainty to notify appellant that he (appellee) was setting up claim to said 124 acres.

The field notes set out in the deed certainly do not embrace the land in controversy, as they are confined to a small tract said to be "112" acres in the north end of the league, and more than a half mile from the land embraced in this suit. The remaining words in the description are as follows: "or all the land that I may be entitled to by virtue of my ten years' residing on the same and using and cultivating it. And I do hereby transfer and convey unto said W. P. Newton all the right, title and interest that I may possess under the ten years' statute of limitations." Do these words convey any definite idea of the land intended to be conveyed beyond the 112 acres, if, in fact, such intention existed? Suppose the deed had only embraced this description and nothing more, could it be said from an inspection of such a deed that the grantor intended to convey a definite and specific tract of 640 acres of land, and

that such tract was in a particular and definite shape, and necessarily included the 124 acres of land in controversy? We think not. The uttermost limit to which any of our decisions have gone, was to sustain the five years' statute under a deed calling for all the land of the grantor in a certain county, and where by reference to the records of such county it could be definitely ascertained what lands were meant. Cantagrel v. Van Lupen, 58 Texas, 578. This was done under the well-established legal maxim—"That is certain which can be rendered certain." In this case, even if it should be conceded that the grantor intended to convey, in addition to the land described, all the right which she had under the statute of limitation, the deed is perfectly silent as to what that right was, or how far it extended, and there is no place where that information can be found. If she claimed beyond the land actually described, how easy it would have been to have set it out in the deed, at least by some designation which would have served notice upon the owner that the deed was intended to embrace the 124 acres in this case, a half mile distant from the land described.

It has been held by our Supreme Court in an able opinion by Judge Willie, that limitation, like estoppel, is a plea which requires "much clearness of proof." Tucker v. Smith, 68 Texas, 481. Every presumption is in favor of the rightful owner. Angel on Limitation, section 385. If appellee, under such deed, could reach a half mile southeast beyond the land described, so as to reach the 124-acre tract which he admits was owned by appellant, we see no reason why the same theory would not carry him in any other direction, and with as much plausibility fix his claim upon any other land in the neighborhood, thus bringing about the abused condition so graphically described by Judge Roberts in the case of Mooring v. Campbell, 47 Texas, 39. The claim under the five years' statute was not intended to rest on any such floating or movable basis, but should be fixed and certain, serving notice of the boundaries of the hostile claim and possession. Cook v. Oliver, 83 Texas, 561; Harkness v. Devine, 73 Texas, 628; Acklin v. Paschal, 48 Texas, 169; McDonough v. Jefferson, 79 Texas, 535; Wafford v. McKenna, 23 Texas, 36.

It is useless for us to pass upon the other grounds of error, as we deem this sufficient to settle the case in so far as the five years' statute is concerned.

Under the ten years' statute, there is a conflict in the evidence, and we do not deem it proper to discuss it.

For the error of the court in its charge to the jury on the five years' statute of limitation, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 9, 1895.