# Louis Snider's Sons Co. v. Armendt.

### APPEAL FROM DAVIESS CIRCUIT COURT.

LIMITATION—SURETIES IN REPLEVIN BOND.—The running of the statute of limitation in favor of a surety in a replevin bond is not stopped by bringing an action in the nature of a bill of discovery to enforce the bond.

J. A. DEAN FOR APPELLANT.

The surety in a replevin bond is not discharged by operation of the statute of limitations from liability by the failure of the plaintiff to issue an execution on the replevin bond for more than a year, when, before the bar was complete, a suit was instituted and diligently prosecuted to enforce the collection of the bond.

Citations: Civil Code, sec. 439; Ky. Stat., secs. 1676, 4669; Barbee v. Pittman, 3 Bush, 259; Haddix v. Chambers, 5 Bush, 171; Rankin v. White, 3 Bush, 545; Newman v. Hazelrigg, 1 Bush, 412; Wintersmith v. Tabor, 5 Bush, 105; Counts v. Howis, 17 Ky. Law Rep., 1071; White & Cochran v. Moore, 18 Ky. Law Rep., 790.

LITTLE & LITTLE FOR APPELLEE.

The pendency of an action in a foreign State to enforce the bond with an attachment against the defendants, can not suspend the operation of the Kentucky Statute. White & Cochran v. Moore, 18 Ky. Law Rep., 790.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

In January, 1893, the appellant obtained a judgment against one Graham for some $300 and interest. In February an execution was issued, which was replevied by Graham, with Benson, Foor, and appellee as his sureties. The bond not being paid at maturity, execution was issued thereon on June 22, 1893, and returned "No property found." On November 23, 1893, the appellant instituted this proceeding by filing its petition in equity, under sec-

tion 439 of the Civil Code of Practice, to enforce the satisfaction of the replevin bond; all the obligors therein being made defendants. Summons and attachment were served upon appellee, and upon a bank in Owensboro as garnishee. The answer of the bank averred that it owed none of the defendants, and had no property belonging to any of them. On October 22, 1894, a rule was taken against appellee to answer, but nothing appears to have been done with the rule. On December 27, 1894, an *alias* attachment was issued, and on January 4, 1895, levied upon certain personalty as the property of Armendt; but, upon his disclaiming ownership, it was not taken out of his possession. On January 19, 1895, an *alias* summons was issued, and served on Graham, the principal in the bond. The other two defendants have never been brought before the court.

On November 16, 1895, a rule was awarded against Graham and appellee; and on February 14, 1896, Armendt filed his answer, in which he admitted the execution of the replevin bond and the issuance of execution thereon on June 22, 1893, and pleaded that since the return of said execution no other execution had ever issued upon said bond; that at no time since that date had appellant's right to have execution thereon been obstructed or suspended, and that appellant, though entitled at all times to have execution upon said bond, had failed for the space of one year to issue, or cause to be issued, execution upon the bond, or in good faith to prosecute the collection thereof.

A demurrer to Armendt's answer having been overruled, appellant filed a reply, in which, after pleading some matters which are not material as to appellee, it was averred that, at the time of the execution of the re-

plevin bond, Foor was a non-resident of this State, and has ever since been absent therefrom, and that Benson and Graham soon afterwards left the county and State, and Benson has never returned thereto, but his whereabouts have during all the time been known to "plaintiff." The reply further alleges the insolvency of Graham, Benson, and Foor during all the period since the execution of the bond, and that the bond was accepted upon the faith of Armendt's solvency alone, which was well known to him.

he reply further avers that, within one year after the maturity of the replevin bond, appellant brought a suit in Utah to enforce the payment of the bond, which has been diligently prosecuted, and was still pending, and also brought the present suit for a discovery.

A demurrer to the reply was sustained, and, appellant declining to plead further, the action was dismissed as to appellee. The sufficiency of the latter averment of the reply is the contention upon which this appeal is based.

The statute relied upon in the answer—being section 12 of chapter 104 of the General Statutes—is now embodied in section 4669, Ky. Stat., and is as follows: "If the plaintiff in any bond having the force of a judgment shall, at any time for the space of a year, whilst he is entitled to have execution, fail to issue execution, and in good faith prosecute the collection thereof, the surety in such bond shall be released from all liability as such, and any execution thereafter issuing on the bond shall be so endorsed." A number of cases have been cited on behalf of appellant to support the proposition that the pendency of the present suit stopped the running of the statute, notwithstanding the failure to issue execution and prosecute the collection thereof in good faith, inasmuch as the

inadequacy of the remedy by execution had been demonstrated. It is further urged that it is contrary to all rules of practice to hold that a right may be barred by the statute of limitations while an action is pending to enforce the right. The cases cited do not seem to us to support counsel's contention, which is, moreover, in direct conflict with one adjudged case.

Counsel cites the case of Barbee v. Pitman, 3 Bush, 259. In that case the bond was a sale bond in an attachment suit, in which the attached property was sold *pendente lite*, and was payable to the officer "for such uses as may hereafter be adjudged by the Adair circuit court." The court, in an opinion by Judge Robertson, there held that: "This enactment applies only to bonds to beneficial creditors, who alone may control the collection by *execution*. It can not be constructively applied to such judicial bonds as that in this case, the collection of which the court alone could control. The forbearance of the party who has a right to the money, and to either forbear or enforce the collection by *execution*, is the only reason for the enactment. * * * *There was no creditor who could issue execution, and none, therefore, whose forbearance could release the surety in the bond."*

In the case of Rankin v. White, 3 Bush, 545, the bond was executed to the commissioner, for money which had been deposited for conflicting creditors, and lent by order of court; and this court, in an opinion by the same judge, construing the same section, held: "Neither the letter nor spirit nor aim of this section applies to judicial bonds,' the collection of which, 'by execution, rule, or attachment,' *must be controlled by the court alone, as to the time and manner of enforcement.* * * *"

In the case of Haddix v. Chambers, 5 Bush, 171, the

statute was held, on the authority of the two cases just referred to, not to apply to a sale bond executed on a sale ordered by the chancellor, for the reason that "*    *    *  there is no effort to prove that the money had ever been adjudicated to William G. Haddix, nor any reason shown why he should control the execution; not even an effort to prove that the court had ever authorized or ordered the money to be collected."

The case of Newman v. Hazelrigg, 1 Bush, 412, has no application to the case at bar, though the question here presented was raised in that case; the sureties being held released upon another ground.

In Wintersmith v. Tabor, 5 Bush, 105, the bond was for money lent by order of court in a suit pending in equity, and was payable to the clerk, "for the benefit of such person or persons as the judge of the Hardin circuit court may adjudge; to have the force and effect of a replevin bond." The money was adjudged to be Tabor's, and Helm, the obligor, was directed to pay it to him. More than a year after the judgment, a rule was taken against the surety in the bond; and in response thereto it was pleaded "that Tabor had sued out no execution, nor moved for a rule, for more than a year and a day after said bond became due." This court, through Chief Justice Williams, held the surety released from liability, by reason of the lapse of time without execution. But an expression used in the opinion is relied on as showing by analogy that the institution of a bill of discovery would stop the running of the statute. The expression was that, under the statute, Tabor "was bound to take out execution, or move for a rule against the principal and security within the year." But, the case referred to being in equity, the plaintiff in the bond was entitled to

Louis Snider's Sons Co. v. Armendt.

proceed either by execution of *fieri facias* or by rule and attachment; the remedy by rule and attachment being, in our opinion, a form of execution appropriate for the enforcement of judgments in equity.

In the case of Counts v. Howis, 17 Ky. L. R.; 1071; [33 S. W. 395], also cited by appellant, the question was whether an execution issued from the clerk's office of the circuit court upon a transcript of a judgment, execution and replevin bond from the quarterly court stopped the running of the statute; and that case therefore does not apply to the case at bar. But in White & Cochran v. Moore, 18 Ky. L. R., 790; [38 S. W. 505], the question appears to have been directly settled against appellant's contention. In that case it was held that the fifteen-year bar of the statute of limitations applied to a judgment, notwithstanding the fact that before the fifteen years had elapsed an action in equity was instituted to subject certain property of the defendants in the execution to the satisfaction of the judgment, it being there held "that that action was merely a cumulative mode of securing satisfaction of the judgment, and did not have the effect to suspend plaintiff's right to successive executions, nor to stop the running of the limitation of the time within which they were required by the statute to cause execution issued, in order to prevent the bar to all proceedings on that judgment."

The terms of the statute under consideration are peremptory, and we do not feel authorized by construction to take from the surety the protection which it was evidently the legislative intent to give him. The judgment is therefore affirmed.