CASE 3—INDICTMENT FOR SELLING LIQUOR—MARCH 8.

## Reynolds v. Commonwealth.

APPEAL FROM OWSLEY CIRCUIT COURT.

1. SALE OF SPIRITUOUS LIQUOR.—A petition for an election under section 2554 of the Kentucky Statutes, and an order for an election to be held pursuant to said petition, directing the election to take the sense "of the legal qualified voters in said district as to whether or not spirituous, vinous or malt liquors, or brandies, or a mixture thereof, of the manufacturer's own material, shall be sold, bartered or loaned in quantities *as low as one quart in said district,*" are not responsive to either state of case authorized by that section of the statutes; and a prohibition law being in force in Owsley county prior to such election, its force was not impaired by such an election.

2. SAME—INDICTMENT.—The election being void, it was not necessary for the indictment to state in what part of the county the offense took place; the prohibition law in force being applicable to the entire county.

3. SAME.—It was not a valid objection to the indictment that it alleged a sale of less than five gallons in violation of the spec-

Reynolds v. Commonwealth.

ial statute prohibiting the sale in quantities of less than twenty gallons, for while the local statute prohibited a sale in quantities of less than twenty gallons, the provisions of the general local option law have been substituted for those of the local act as to the amount necessary to be sold to constitute an offense, as well as to the penalty

4. SAME.—It was not necessary to allege that the sales were made without license. The local option law being operative in the county no license could be legally granted.

E. E. HOGG FOR THE APPELLANT.

1. The indictments in cases Nos. 256, 255, 254, 251, 250, 249, 248, 247, and 246 are bad and the demurrer to each of them ought to have been sustained by the trial court.

2. The instructions of the court were erroneous in each case. The court should have instructed the jury under the general liquor law instead of under the local option statute.

3. After an election to take the sense of the voters in Cow Creek precinct No. 4, has been held and resulted in favor of the sale of liquor and the certificate of the canvassing board had been entered on the order book of the county court the general liquor law prevailed only and no legal conviction could be had under the local option or prohibition law:

Authorities: Ky. Stats., secs. 465, 1304, 3556, chap. 81; Young v. Com., 14 Bush, 165; 83 Ky., 61.

W. S. TAYLOR, ATTORNEY-GENERAL, AND M. H. THATCHER FOR THE APPELLEE.

1. As to indictment No. 106, the offense charged was shown to have been committed long before the election mentioned was held in precinct No. 4.

2. The various sales were charged as being made in violation of the local option law of Owsley county. Therefore, it was not necessary to charge that they were made without license. If the local option law were operative no license for the sale of liquor could have been legally granted.

Citations: Gayle v. Owen County Court, 83 Ky., 61; Ky. Stats., secs. 465, 2554; Acts April 4, 1884, Acts 83-4, vol. 1, p. 1116.

JOHN C. EVERSOLE ON THE SAME SIDE.

The appellant was indicted under the local prohibition law of 1884 modified in procedure and penalty by the general law

and the special election did not conform to section 2554 of the Kentucky Statutes.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The appellant was found guilty under ten indictments, each of them charging him with the offense of selling spirituous, vinous and malt liquors "by the drink, pint, quart, gallon, and in other quantities less than five gallons, in violation of the provisions of an act of the General Assembly of the Commonwealth of Kentucky prohibiting the sale of intoxicating, spirituous, vinous and malt liquors, and the mixture thereof, in quantities less than twenty gallons, in the counties of Laurel, Rockcastle, Jackson, Owsley and Clay, approved April 4, 1884, he not being a legal manufacturer, distiller or druggist."

A number of objections are urged on behalf of appellant, but as several of them are disposed of by the decision of the one last urged in the brief, we will first consider that.

Upon trial of the cases the appellant introduced the record of an election attempted to be held in Cow Creek precinct No. 4, in Owsley county, under section 2554 Kentucky Statutes, which provides for holding an election, upon petition of 25 per cent. of the legal voters, "for the purpose of taking the sense of the legal voters of said county, city, town, district or precinct, who are qualified to vote at elections for county officers, upon the proposition whether or not spirituous, vinous or malt liquors shall be sold, bartered or loaned therein, or whether or not any prohibition law in force in any county, city, town, district or precinct, by virtue of any general or special act or acts, shall become inoperative." The requisite number of voters in the Cow Creek precinct appear to have signed a petition, but not for an election to

take the sense of the voters of that precinct upon either of the propositions upon which the statute authorized it to be taken. The petition asks an election to take the sense "of the legal, qualified voters in said district as to whether or not spirituous, vinous or malt liquors or brandies, or a mixture thereof, of the manufacturer's own material, shall be sold, bartered or loaned *in quantities as low as one quart* in said district. . . . Said petitioners further request that at said election the proposition as to whether the present local option law now in force in said district shall become inoperative or not as to the sale of spirituous, vinous or malt liquors, brandies, or mixtures thereof, of the manufacturer's own make, *in quantities of not less than one quart.*" The order directed the election to be held in Cow Creek precinct "to take the sense of the legal and qualified voters of said precinct as to whether or not spirituous, vinous, malt liquors or brandies, or mixture thereof, may be sold by the manufacturer thereof in quantities of not less than one quart, or whether or not the present local option law shall be operative or inoperative as to the sale, bartering, loaning or dealing in spirituous, vinous or malt liquors or brandies, or mixture thereof, by the manufacturer thereof, in said No. 4 aforesaid, in quantities of not less than one quart." And the certificate of the canvassing board shows "that at an election held in Owsley county, and in Cow Creek precinct No. 4 in said Owsley county, on the 11th day of September, 1897, for the sale of spirituous, vinous or malt liquors in precinct No. 4 in Owsley county, in quantities of not less than one quart, there were eighty-nine votes, and against the 'sale of spirituous, vinous or malt liquors in precinct No. 4 in Owsley

county, as low as one quart, fifty-seven votes, as shown by the returns of said election officers," etc.

It is evident that the petition did not request an election to be held, nor was the election held, for either of the purposes authorized by the statute. The question submitted by the petition, and upon which the sense of the legal voters of Cow Creek precinct was taken, was the, adoption of a special local option law for that precinct of Owsley county not authorized by the statute and as it was special legislation, applicable alone to that precinct, it was in violation of the Constitution, even if the statute had authorized it to be so submitted.   Both the propositions which the petition requested to be submitted to the vote, and which were by the order submitted, were tainted with the limitation, " in quantities of not less than one quart;" and, if the election was valid, the law in Cow Creek precinct is different from the law in every other precinct in the State.   The election was, therefore, in our judgment, not merely invalid, but void, and so shown on the face of the record.

The limitation as to the quantity to be sold is so intimately connected with the remainder of the proposition submitted that it is impossible to separate them and strike out the unconstitutional limitation, for what the people voted upon was not whether the law should become inoperative, but whether it should become inoperative as to sales of not less than a quart.

The election being void, it was unnecessary that the indictment should specify in what part of the county the offense took place, for the reason that it was unlawful to sell in every part of the county.

Objection is also made on the ground that the indictments allege a sale of less than five gallons, in violation

42 KENTUCKY REPORTS. [Vol. 106

Lou. & Nash. R. R. Co. v. Creighton, &c. Same v. Stock's Admr.

of a special statute prohibiting the sale in quantities less than twenty gallons. This was not error, for, while the local statute forbade the sale in quantities less than twenty gallons, the provisions of the general local option law have been substituted for those of the local act as to the amount necessary to be sold to constitute an offense, as well as to the penalty. Stamper v. Com., 19 Ky. Law Rep., 1014; [42 S. W., 915]; Thompson v. Com., 20 Ky. Law Rep., 397; [45 S. W., 1039], and [46 S. W., 492, 698].

Nor was it necessary to allege that the sales were made without license; for, the local option law being operative in the county, no license could be legally granted. For the reasons stated, the judgment is affirmed in each of the ten cases; the whole Court sitting.