JUDGE PRYOR
delivered the opinion of the court.
On the 21st of March, 1856, Brown, Goddin & Co. obtained a judgment in the superior court of Cincinnati against the appellant, J. M. McArthur, for the sum of $3,668.09 with interest from the 3d of January, 1855. It is alleged in the original action that the notes evidencing the indebtedness had been lost. At the time this action was instituted, and the judgment rendered, McArthur was a resident of the state of Kentucky, and has continued to reside here since. The service of process on him was acknowledged by an attorney, and an answer filed by the same attorney admitting the execution *276 of the notes, that they were lost, and the indebtedness of the defendant to the plaintiffs as alleged.
No execution having issued on this judgment, the appellees, A. C. Goddin & Co., as surviving partners of Brown, Goddin & Co., on the 22d of September, 1874, filed their petition in the court in which this judgment had been rendered, alleging the recovery, and that the judgment remained unsatisfied, and asking that an order reviving it be entered for the amount due'thereon. A summons having been executed on the appellant in this state under the provisions of the Ohio statute, he appeared and resisted the motion to revive, alleging that he had no knowledge of the original judgment or the pendency of the action in which it was obtained, until he was served with process on the petition for revivor; that the entry of his appearance, and filing of the answer by the attorney, were without his authority or knowledge; denied any liability on the notes, etc. On the trial in the proceeding to revive the judgment, testimony was introduced to sustain the defense of the appellant, and upon the hearing, in June, 1875, it was adjudged “that the judgment stand revived, with interest and costs, and that the plaintiffs have their execution against the defendant for the sum of $3,725, his debt aforesaid, with interest at ten per cent per annum from March 1, 1856.”
In the month of August, in the year 1875, the appellees, as surviving partners of the firm of Brown, Goddin & Co., instituted the present action in the Campbell Circuit Court, alleging the recovery under the proceedings to revive, for the amount of the original judgment; that the defendant was served with process and made defense; that the judgment was in full force, unsatisfied, and they were entitled to recover, etc. A demurrer to this petition was overruled. An amended petition was, however, filed by the appellees, in which it is alleged that the judgment set up in the original petition was based on the judgment rendered on the 21 si of Mar eh, 1856; that this *277 last-named judgment under the statute of Ohio becoming dormant, the same was revived by the judgment mentioned in the original petition, and the same is now in full force, and they are entitled to have and recover the full- amount thereof from the defendant, and for which they ask judgment as in ■their original petition.
The appellant filed an answer to the petition as amended, in which it is alleged that the so-called judgment, dated the 5th of June, 1875, is simply an order made under the statute of Ohio reviving the judgment of the 21st of March, 1856. This statute reads: “ If execution should not be sued out within five years from the date of any judgment that now is or may hereafter be rendered in any court of record in this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of issuing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor.” That the judgment of the 21st of March, 1856, constituting the only cause of action against appellant, was rendered more than fifteen years prior to the commencement of the present action; and he pleads and relies on the statute of limitations in such cases made and provided in bar of the action, and further alleges that no execution has ever issued on the judgment of the 21st of March, 1856, or that of the 5th of June, 1875.
By the second paragraph of the answer it is alleged that the judgment was obtained by fraud, and his appearance to the original action entered without his authority or knowledge. The third paragraph is to the effect that the order of revivor is still pending and undetermined, as he has appealed from the same.
The record of the original judgment, as well as the petition to revive, is made part of the pleading by appellant, from which it appears that no execution ever issued on the judgment, and that the proceeding to revive was to give *278 vitality to the judgment, so that it might operate as a lien upon the estate of the debtor.
A demurrer to each paragraph of the appellant’s answer was sustained by the court, exceptions taken, and the appellant failing to plead further, a judgment was rendered against him, of which he is now complaining.
As to the third paragraph of the answer, we are disposed to adjudge that the remedy sought upon the judgment will not be denied the appellee for the reason only that an action is pending upon the same judgment in another state. There is no allegation that the judgment has been supei’seded or annulled, and we must give to it the effect of a final judgment between the parties.
As to the second paragraph of the answer, conceding the statements therein contained to present a defense, it is sufficient to say the record discloses that the same defense was made upon the hearing to revive the judgment, proof taken, and the judgment revived. Such being the state of the record, the same matters can not be relied on as a defense to the present action.
The statute of limitations in this state in actions upon judgments is “that an action upon a judgment or decree of any court of this state, or of the United States, or of any state or territory thereof, the period to be computed from the date of the last execution thereon, etc., shall be commenced within fifteen years after the cause of action first accrued.”
It is insisted by counsel for the appellees that to sustain such a defense would be to violate that provision of the Federal Constitution which declares that “full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state,” and also the act of congress, passed in 1790, declaring that “the records and judicial proceedings authenticated as aforesaid shall have full faith and credit given to them in every court within the United *279 States as they have by law or usage in the courts of the states from, whence the records are or may be taken.”
This court, in the case of Rogers v. Coleman (Hardin, 415), held that the full faith and credit required by the Constitution and act of congress to be given to records abroad is just such as would be given them at home.
The meaning of this is that a judgment rendered by the court of a sister state having the jurisdiction will be questioned on the merits only in so far as it can be assailed in the court where the judgment was rendered.
It is equally as well established that the limitation law of the state where the remedy is sought, and not that where the parties may happen to live or the transaction was entered into, must govern. (Bennett v. Devlin, 17 B. Mon. 358; Graves v. Graves, 2 Bibb, 207.)
In this state the lapse of fifteen years without issuing an execution will bar any further proceedings on the judgment, and where an execution issues on such a judgment the court, on motion, will quash it. (Lockhart v. Yeiser, 2 Bush, 231.)
It is obvious that if the judgment of 1856 had been rendered in this state instead of the state of Ohio, the plea of the statute of limitations would have prevented a recovery; and to deny the efficacy of the plea in the present case would be to adjudge that the remedy to enforce the judgment in the state of Ohio had become a vested right in the appellees by reason of article 4 of section 1 of the Federal Constitution and the act of congress made in pursuance thereof. Such a ruling would give the creditor, when the judgment was rendered in another state, a remedy denied to the citizen of Kentucky in attempting to enforce a judgment rendered in a home court.
“The right to a particular remedy is not a vested right. As a general rule, every state has complete control over the remedies which it offers to suitors in its courts.” (Cooley’s Constitutional Limitations, 3d ed., page 361.)
*280 In the case of McElmoyle v. Cohen (13 Peters) it is said that the faith and credit to be given to such judgments is that, “ They are record evidence of a debt or judgments of record, to be contested in such way as judgments of record may be, . . . or such as inquire into the jurisdiction of the court in which the judgment was given.” Again, “the statute of limitations is a plea to the remedy, and consequently the lex fori must prevail.”
The question in the case cited was, whether the statute of limitations of Georgia could be pleaded to an action in that state founded upon a judgment rendered in the state of South Carolina. The court entertained no doubt as to the right of the party to interpose such a defense, and that such actions must be brought within the period prescribed by the lex fori, or the suit will be barred. (Story’s Conflict of Laws, p. 726.)
The attention of the court has been called to section 18 of article 4, chapter 71 of the General Statutes, which provides that where by the laws of the state or country where the judgment was rendered no action can be maintained upon it by reason of the lapse of time, or is incapable of being otherwise enforced there, no action upon the same can be maintained in this state. This can not be construed as a legislative interpretation of the principal point made in this case, or to dispense with the remedy afforded parties in the defense of such actions.
The same provision by a subsequent section of the same statute is made to apply to all causes of action accruing in another state or country. If barred by the law of the state where the cause of action accrued, it constitutes a defense under the statute, if the party seeks to enforce his right in the courts of this state. To this extent the rule is qualified; and in the absence of any declaration of the legislative intention making the statute of limitations of other states apply in all cases where the cause of action accrued in such states, we *281 are not disposed to overturn a principle too well settled at this day to admit of controversy.
The exception made by the statute indicates an intention to make no further innovation upon a well settled rule of law calculated to prevent any confusion in the attempt to enforce such rights. As said by the Supreme Court in the case already referred to, “ May not the law of the state fix different times for barring the remedy in a suit upon a judgment of another state, and for those of its own tribunals ? . . . There is no direct constitutional inhibition upon the states, nor any clause in the constitution from which it can be even plausibly inferred that the states may not legislate upon the remedy in suits upon the judgment of other states, exclusive of all interference with their merits.”
The remaining and most important inquiry is as to the effect of the proceeding of September, 1874, to revive the judgment of the 21st of March, 1856:
It seems that by the statute of Ohio a judgment operates as a lien on the estate of the defendant, and upon a failure to issue an execution for a period of five years from its rendition the lien terminates until there is a revivor, by which the dormant judgment is again vitalized so that it may operate as a lien on the estate of the debtor. The mere order of revivor by virtue of such a statute constituted no cause of action, and is only a remedy afforded by which the original judgment may be enforced.
So far as the record shows, no execution had been issued for near eighteen years from the date of the judgment, and if there had been no revivor necessary by the law of Ohio to create this lien, and the appellees had been entitled to their execution after the lapse of eighteen years, still if an attempt was made to enforce the judgment in this state, although in full life in the state of Ohio, the limitation of fifteen years would operate as a complete bar to the recovery, and the mere remedy afforded *282 by tbe law of Ohio, under which the dormant condition of the judgment is removed so as to permit an execution to issue, can not be said to be another judgment on the same claim, but is in fact only in aid of the original judgment. Such has been the construction of the statute by the courts of Ohio. “ There is no new judgment recovered on the saire faoias issued to revive a dormant judgment, but the old one is called into action.” (Norton v. Beaver, 5 Ohio, 178.)
The order of revivor was simply restoring a lien that had been lost by reason of the failure on the part of the creditor to issue his execution. If this lien had continued in full force and effect during this whole period by the laws of Ohio, with the right to issue an execution at any time, it can not affect the question as to the remedy when an attempt is made to enforce the judgment in this state, the judgment alone being the foundation of the action. After the lapse of fifteen years without execution issued thereon the remedy upon the judgment in the courts of this state was barred, and the order of revivor being in aid only of the judgment, or the means of enforcing it, does not take it out of the statute.
Judgment is reversed and cause remanded, with directions to overrule the demurrer to the plea of the statute of limitations, and for further proceedings consistent with this opinion.