### JAMES M. McARTHUR *v.* A. C. GODDIN.

**Statute of Limitations.**

> Where more than fifteen years have elapsed from the time a cause of action accrued on a judgment, and no execution has been issued, the statute of limitations is a bar to the action. A judgment operates as a lien upon the estate of a defendant, and upon the failure to issue an execution for a period of five years the lien terminates until there is a revivor, so that it may operate as a lien on the estate of the debtor. The new order of revivor constitutes no cause of action.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

#### March 1, 1884.

OPINION BY JUDGE LEWIS:

This is an action to recover the amount of a judgment for $15,405.88 rendered in May, 1879, by the district court of the county of Hamilton, state of Ohio, in favor of appellee against appellant. From the petition and exhibits filed with and made parts thereof it appears that in 1856 a judgment was rendered by the superior court of Cincinnati, Ohio, in case No. 4415, in favor of a firm of which appellee alleges he is now the surviving member, against appellant for $3,725.33 and interest, and in 1857 a judgment was rendered in the same court in case No. 4417 between the same parties plaintiff and defendant for the sum of $2,025.40 and interest. It further appears that in September, 1874, appellee filed his petition in the last named court against appellant alleging that the judgments rendered in 1856 and 1857 were still unsatisfied but had become dormant, and prayed for a judgment reviving them, which was at the May term, 1875, of that court accordingly rendered.

A general demurrer to the answer filed in this case by appellant having been sustained, the statements contained in it must on this

appeal be taken as true. It is alleged in that answer that the two judgments rendered in 1856 and 1857 before mentioned are the only basis of their action, and that no execution has ever been issued on either of them; that appellee instituted an action in the Campbell Circuit Court against appellant on the identical cause of action set forth in the petition in this case, which was fully heard and by a final judgment rendered therein in 1876 was dismissed. It is further alleged that the judgment of the district court of Hamilton county, rendered in 1879, upon which this action is based, is under the statutes of Ohio, which are referred to, simply a revivor of the judgments rendered in 1856 and 1857, and that the proceedings were instituted to evade the statute of limitations of this state, and were commenced in the district court of Hamilton county, Ohio, after the subject-matter thereof had been adjudicated by the Campbell Circuit Court, which adjudication as well as the statutes of limitation are pleaded and relied on in the answer as defenses to the action.

From the exhibits filed with appellee's petition and the statements contained in the answer it is manifest that the two judgments rendered in 1856 and 1857 constitute the cause of action on which the judgment of 1879, the foundation of this action, was rendered by the Ohio court in 1875, that constitute the cause of action dismissed by judgment of the Campbell Circuit Court in 1876. The only apparent difference between the judgment of the Ohio court rendered in 1875 and that rendered in 1879 is that the former by its terms simply revives the judgment rendered in 1856, which the latter purports to be a judgment on judgments.

The first action instituted by appellee in the Campbell Circuit Court was brought here by appeal. See *McArthur v. Goddin,* 12 Bush (Ky.) 274. In that case this court held that as more than fifteen years had elapsed from the time the cause of action accrued, which was the date of the judgment, no execution having been issued, the statutes of limitation in force in this state were a bar to the action, notwithstanding the judgment of the Ohio court rendered in 1875 reviving the previous judgment of 1856, and reversed the judgment of the lower court sustaining a demurrer to the answer of appellee. From some cause not shown by the record in this case the judgment of 1857, as appears from the opinion of this court, was not referred to in that action.

We are unable to perceive what virtue or potency there can be in the judgment rendered in Ohio in .1879 that the one rendered in 1875 does not possess, or in what respect the case is entitled to more faith or credit than the other. As said in the opinion by this court, "By the statute of Ohio a judgment operates as a lien on the estate of the defendant, and upon a failure to issue an execution for a period of five years from its rendition the lien terminates until there is a revivor, by which the dormant judgment is again vitalized so that it may operate as a lien on the estate of the debtor. The new order of revivor by virtue of such a statute constituted no cause of action, and is only a remedy afforded by which the original judgment may be enforced."

The original judgment or judgments having by the order made in 1875 been revived and restored, nothing more was necessary to be done to give vitality and force to them. Therefore, as the record now appears to us we must consider the judgment rendered in 1879 as superfluous and entitled to no more credit than the order made in 1875. As it had been decided by this court to be insufficient to prevent the statutes of limitation from running, we do not think the subsequent proceedings in Ohio in which the judgment of 1879 was rendered should operate here in such a manner as to extend the time within which an action on the original judgments can be brought beyond the period of fifteen years from its date. By the statutes of this state it is expressly provided that an action upon a judgment or decree of any court of this state, or of the United States, or of any state or territory thereof, shall be commenced within fifteen years after the cause of action first accrued and not after, the period to be computed from the date of the last execution. Gen. Stat. 1883, ch. 71, art. 3, § 1.

No action could have been maintained here upon the original judgments even when the order of revivor was made in 1875. An attempt by proceedings in the Ohio courts to give to those judgments vitality and efficacy here, which it is not in the power of courts of this state to do under our statutes, can not prevail. The judgment of 1879 differs only in form from the order of 1875; the practical operation and effect of both are the same, and it having been properly and decisively settled that the latter was ineffectual to avoid the statute of limitations, so it must be now held as to the former.

The lower court erred in overruling a motion for a rule requiring appellee to file complete transcripts of the records made parts of his petition.

The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*E. W. Hawkins, A. Duvall, for appellant.*

*O'Hara & Bryan, for appellee.*