CASE 52—PETITION EQUITY—JAN. 9.

# White & Cochran v. Moore.

APPEAL FROM WHITLEY CIRCUIT COURT.

1. EXECUTION—LIMITATION—PAYMENT—REVIVOR.—A Partial payment on an execution which had been issued more than fifteen years after a former one, and when there was a complete statutory bar to any proceeding on the judgment, does not operate to revive the judgment so as to entitle the plaintiff therein to another execution for the unpaid portion thereof. No act of the defendant short of an express or clearly implied promise to satisfy the residue of the judgment, could have revived the judgment, or entitled the plaintiff to another execution on it.

2. LIMITATION ON JUDGMENT—ACTION TO ENFORCE DOES NOT SUSPEND.—An equitable action to enforce the satisfaction of a judgment, is merely a cumulative remedy, and does not prevent the plaintiff from collecting his judgment by execution, while the same is pending, and therefore the institution and prosecution of such an action does not operate to suspend the running of the statute against the judgment.

K. D. PERKINS FOR APPELLANTS.

1. The payment of $200 was made on the execution which was issued on the 16th of February, 1890, and the execution which was issued on the 2d of February, 1894, was therefore not barred by limitation. (Kentucky Statutes, sec. 2514.)

R. S. CRAWFORD AND G. C. MOORE FOR APPELLEE.

1. The running of the statute was not suspended during the pendency of the equitable action. (Cox's Common Law Practice, chap. 5, p. 162; Civil Code, secs. 401 and 439; Lockhart v. Yeiser, 2 Bush, 231; McArthur v. Goddin, 12 Bush, 274.)

2. A promise to pay a judgment that is barred must be plain, direct and unequivocal, and must be made to some person authorized to receive it, before it will arrest the running of the statute or revive the debt after it is barred. And after it is barred the remedy would be upon the new promise, and by an action. The new promise would not revive a judgment that was barred, so that an execution could issue on it. (Hopkins v. Stout, 6 Bush, 375; Carr v. Robinson, 8 Bush, 269; Gilmore v. Green, 14 Bush, 772; Adams

v. O'Rea, 80 Ky., 129; French v. Frazier, 7 J. J. M., 425; Warren
v. Perry, 5 Bush, 447; Gray v. McDowell, 6 Bush, 475; Hardin, 301
and 17; 9 Bush, 276; 87 Ky., 63.)

CHIEF-JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT:

August 14, 1872, White & Cochran obtained a judg-
ment against L. and M. A. Moore for $584.55, upon
which, September 28, 1872, an execution was issued,
and in due time returned with the official endorsement,
"no property found."

On and not until February 16, 1890, another was is-
sued, which was returned with this official endorse-
ment:   "Received of M. A. Moore $200 on the within
execution, and I return the within execution by con-
sent of plaintiff April 20, 1891."

And now this is an action in equity by M. A. Moore,
one of the original defendants, in which he asks judg-
ment quashing the third execution, issued February 2,
1894, vacating the levy made under it, and prohibiting
plaintiffs in the original action from proceeding
further by execution.

As more than fifteen years had elapsed after return
of the first before the second execution was issued the
statute of limitation operated as a bar to the latter, as
also to the one issued in 1894, unless by one of the
modes suggested for appellant, running of the statute
was suspended, so that the time antecedent to the date
of the second execution is not to be counted in comput-
ing the bar.

It has been repeatedly held by this court, and may
be considered settled doctrine, that a partial payment

made on a bond or note within the statutory time operates as a suspension of the running of the limitation between the accrual of the cause of action on the instrument and date of that payment. And we think if there had been a partial payment of the judgment voluntarily made by the defendants within fifteen years after August 14, 1872, when it was rendered, running of the limitation in this case would have been likewise suspended. And if the date of such partial payment had been less than fifteen years prior to the issual of the second execution there would be no bar to either it or the execution issued in 1894.

But more than fifteen years had elapsed, and consequently there was a complete statutory bar to any proceeding on the judgment of 1872, when the payment of $200 was made on the execution of 1892. Consequently no act of the defendants short of an express or clearly implied promise to satisfy the residue of the judgment, founded on moral obligation to do so, could have operated to revive it or entitle plaintiffs to an execution on it.

It appears that in 1876 an action in equity was instituted to subject certain propety of M. A. Moore to the satisfaction of the judgment of 1872, which was pending until 1878. But that action was merely a cumulative mode of securing satisfaction of the judgment, and did not have the effect to suspend plaintiffs' right to successive executions, nor to stop the running of the limitation of the time within which they were required by statute to cause execution issued in order to prevent the bar to all proceedings on that judgment.

In our opinion the issual of the execution of 1892, and of course that of 1894, was illegal and ineffectual for every purpose, and the judgment quashing the latter and prohibiting further proceeding under it is affirmed.