H. A. Thierman Co. v. Wolff, &c.

CASE 90.—SUIT BY H. A. THIERMAN COMPANY AGAINST
    HENRY WOLFF AND OTHERS IN THE NATURE
    OF A BILL OF DISCOVERY.—May 21.

# H. A. Thierman Co. v. Wolff, &c.

Appeal from Jefferson Circuit Court (First
Chancery Branch).

SHACKELFORD MILLER, Judge.

From a judgment overruling a demurrer to the
answer plaintiff appeals. Reversed.

Judgment—Action on Judgment—Limitations.—Ky. Stats., 1903,
    sec. 2514, provides that an action on a judgment shall be
    commenced within 15 years, the period to be computed from
    the date of the last execution on the judgment; and Civ.
    Code Prac., sec. 439, allows equitable actions, on a return of
    "No property found" on an execution, for a discovery of
    assets belonging to the execution debtor. Held, that the
    fact that a judgment creditor failed to have an execution
    issued within 15 years after the last execution did not bar
    a suit under sec. 439, which was pending at the expiration
    of the 15-year period.

DODD & DODD and CHARLES H. SHEILD attorneys for
appellant.

It will be observed that all the amended answer purports to
plead is "that the cause of action set out in the petition herein,
occurred more than 15 years next before this date," and not
before the suit was commenced.

It has long been settled law in this State, both by statute
and judicial decision, that "the pleader must go further and
state that the time elapsed before the claimant commenced his
action thereon," and that the commencement of the action sus-
pends the operation of the statutes. (Jones v. Jones and Ballow

H. A. Thierman Co. v. Wolff, &c.

v. Wilmot, 5 Ky. Law Rep., 774; City of Louisville v. Meglenery, 107 Ky., 122; City of Louisville v. Hornsby, 23 Ky. Law Rep., 1236; Ky. Stats, secs. 2514, 2524; Civil Code, sec. 439; Davidson v. Simmons, 11 Bush., 330; Cundiff v. Trimble, 21 Ky. Law Rep., 657; 52 S. W., 940.)

POINTS AND AUTHORITIES BY ATT'YS. FOR APPELLEE.

An action should be dismissed where it appears that the plaintiffs have been guilty of such laches as to greatly prejudice the rights of the defendant, and where the delay in the prosecution of such action has been of such a nature as would prevent substantial justice being done the defendant, and where it appears that the transactions connected with the claim have become so obscure by lapse of time, lapse of evidence and death of parties as to render it difficult, if not impossible, to do justice to the defendant. .

An action on a judgment is a cumulative mode of securing satisfaction of the judgment and is simply an act ancillary to and for the purpose of obtaining satisfaction of an existing judgment, and the commencement of a bill in chancery does not suspend the statute, and if pending such bill the statute runs upon the claim, it is barred. (Wood on "Limitation," sec. 295, p. 690; Swafford v. Howard, 20 Ky. Law Rep., 1793; Yowell's Administrator v. Houstonville Turnpike Co., 16 Ky. Law Rep., 30; White and Cochran v. Moore, 100 Ky., 358; Proctor v. Bell, 97 Ky., 98; Freeman on "Judgments," sec. 440; McArthur v. Goodin, 12 Bush, 294; Lockhart v. Yeiser, 2 Bush, 231; Davidson v. Simmons, 11 Bush, 330.)

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—Reversing.

Appellant obtained judgment against appellee Henry Wolff in the Jefferson circuit court on November 8, 1884. Execution issued on the judgment January 10, 1885. It was returned "No property found." January 19, 1886, Wolff made a payment on the judgment. The same appellant obtained another judgment against Wolff on November 8, 1884, upon which execution was issued on January 10, 1885. The

execution was returned "No property found." On this judgment appellee made a payment on January 19, 1886. On May 26, 1892, appellant filed a suit in the nature of a bill of discovery, in which an attachment was taken out against the execution debtor, based upon the two judgments and returns of "No property" above named. Answers were filed on June 27, 1892. Attachments were levied upon a fund in bank, which has been held, it seems, during these years. No other steps were taken in either of the actions until April 20, 1905, when appellee gave notice to appellant of his intention to enter a motion to discharge the attachments taken out in 1892. The motion was overruled. On April 22, 1905, appellee filed an answer pleading limitation to the further prosecution of the actions. A demurrer to the plea of limitation was overruled, and the petition dismissed, upon the idea that the plea of limitation constituted a bar to the prosecution of the action.

The plea of limitation is in these words: "Comes the defendant Henry Wolff and by leave of court amends his answer herein, and for such answer says that the action of the plaintiffs herein against him is a stale action; that the plaintiffs have been guilty of laches in the prosecution of said action. For further answer herein defendant says that the judgment the plaintiffs are asserting and endeavoring to enforce against this defendant was rendered on November 8, 1884; that the only and last execution issued upon said judgment was issued on November 8, 1884; that said judgment is now long since barred by the statute of limitations; that the cause of action set out in the petition herein occurred more than 15 years next before this date; and that said cause is now barred by the statute of limitations in such cases made and pro-

vided, and the same is now pleaded in bar of this action.  Wherefore defendant prays that this action be dismissed, and for his costs herein, and for all proper and equitable relief.''

It will be observed that the contention in the court below was that, if a judgment creditor allows 15 years to elapse after the issual of an execution upon his judgment, not only is his right to have another execution thereon issued barred by limitation, but that the judgment itself is barred, and that any proceedings which might be pending, in the nature of a bill in equity or otherwise, for the enforcement of the judgment, are likewise barred and must abate. The statute is (section 2514, Ky. Stats., 1903): ''Civil actions, other than those for the recovery of real property, shall be commenced within the following periods after the cause of action has accrued and not after: A cause of action upon a judgment or decree of any court of this State, or of the United States, or of any State or Territory thereof, the period to be computed from the date of the last execution thereon, shall be commenced within fifteen years after the cause of action first accrued.''  Another statute (section 2524 Ky. Stats., 1903) provides: ''An action shall be deemed to have been commenced at the date of the first summons or process issued in good faith from the court or tribunal having jurisdiction of the cause of action.''  Section 439, Civil Code of Practice, allows equitable actions upon a return of ''No property found'' upon an execution for a discovery of assets belonging to the execution debtor and for their application to the satisfaction of the judgment.  This is a right of action which accrues upon a judgment, and is one that must be commenced within 15 years from the time that it first accrued, the period to be computed in the lan-

guage of the statute from the date of the last execution on the judgment.

It is insisted by appellee that the section of the statutes just mentioned is not limited to the matter of commencing an action based upon a judgment, but that, in order to keep the judgment alive, execution upon it must be issued at intervals of not more than 15 years apart, although there may be pending at the same time equitable actions against the judgment debtor to enforce the satisfaction of the judgment. The statute of limitations relied upon contemplated the saving of the right of the judgment creditor for 15 years within which to enforce the collection of his judgment, either by the institution of an action thereon or by having additional executions issued thereon. Appellee's contention is that, although an equitable action may be brought within 15 years from the date of the last execution, and be commenced in the manner pointed out by section 2524, supra, yet if that action were not prosecuted to a successful termination within the 15 years, and no other execution were taken out, the plaintiff's right to coerce the collection of the judgment is barred, and his last suit must abate. But such is not the correct interpretation of the statute. After the new action has been begun, the statute of limitations relied upon has no further application to it. It may apply to prevent the issual of another execution upon the judgment, if more than 15 years is allowed to intervene since the last one, and it may apply against the institution of a new action based upon the judgment under those conditions; but it can not apply so as to affect the pending action begun within the 15 years.

The question of laches raised by the plea might

have been of avail to a third party, had the rights of such intervened; but they have not.

We are of opinion that the court erred in overruling the demurrer ·to the answer; and the judgment is reversed, and cause remanded, with directions to sustain the demurrer, and for proceedings not inconsistent herewith.