## Slaughter, et al. v. Mattingly.

(Decided October 21, 1913).

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. **Judgment—Action to Enforce Satisfaction—Limitation.**—The fact that a judgment creditor failed to have an execution issued within fifteen years after the last execution, does not prevent the maintaining of an action to enforce satisfaction of the judgment, which was instituted before the expiration of the fifteen year period, under Section 439 of the Civil Code .

2. **Judgment—Action to Enforce Satisfaction—Creditors Suits—Limitation.**—An action to enforce the satisfaction of a judgment, brought under Section 439 Civil Code, may by the judgment creditor be kept on the docket until the judgment is satisfied, and alias attachments may be had from time to time without the filing of a new affidavit, although fifteen years may have elapsed since the last attachment was issued in the action.

RICHARD PRIEST DIETZMAN, AUGUSTUS E. WILLSON and ARTHUR E. HOPKINS for appellant.

J. W. CLEMENTS for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

On the 26th of February, 1894, a judgment was rendered in the Jefferson Circuit Court against J. G. Mattingly, L. D. Mattingly, A. R. Sutton and appellee, appellant being now the owner of said judgment. Execution was issued on this judgment on March 17, 1896, and was on March 18, 1896, returned "no property found." On March 19, 1896, appellant instituted an equitable action "for the discovery of money, choses in action, equitable or legal interest, and all other property to which the said defendants or either of them is entitled, and subjecting the same to the satisfaction of said judgment."

In this action, the Columbia Finance & Trust Company, as assignee of the Belle of Nelson Distillery Company, was made a party defendant and asked to be required to disclose any money, property or choses in action of the said P. J. Mattingly, which they or either of them had in their possession or under their control. On June 13, 1896, the Columbia Finance & Trust Company, as assignee of the Belle of Nelson Distillery Company, filled its answer as garnishee, saying that appellee, J. P. Mattingly, claimed that the Belle of Nelson Distillery Company was indebted to him in the sum of $317.36 but that his said claim had not been acted upon, and that it could not then state whether said claim was valid, but that whatever sum might be adjudged to P. J. Mattingly would be held by it subject to the garnishment therein.

On October 7, 1899, appellee, P. J. Mattingly, filed his affidavit in said action, setting up and claiming the fund attached in the hands of said trust company to be exempt property and entered a motion to release the levy of the attachment on the fund in the hands of the Columbia Finance & Trust Company, as assignee of the Belle of Nelson Distillery Company. On October 26, 1899, an order was entered in said action sustaining said motion and releasing the levy of the attachment on said fund to the extent of $320, and directing said garnishee to pay said amount over to P. J. Mattingly, but reserving the question as to the levy of the attachment on the interest that accrued on the fund in the hands of the garnishee. On December 9, 1899, said garnishee, Columbia Finance & Trust Company, reported that it had paid to appellee the $320 ordered to be paid to him, and still had in its hands $63.47 of the amount which was allowed to said Mattingly and it paid the said sum into court. On January 27, 1900, on motion of appellee, an order was entered releasing and discharging the levy of the attachmet on the remainder of said fund, and leave was given appellee to withdraw said $63.47, which he did.

So far as the record shows hostilities then ceased until September 1, 1911, when a second summons was issued by the clerk in favor of appellant against appellee on the original petition, together with an attachment against all the defendants in said action. This summons was executed on appellee on September 6, 1911, and on September 4, 1911, the attachment was levied on the one-eighth undivided interest of P. J. Mattingly in a tract of land in Marion County, Kentucky. On October 28, 1911,

the defendant, P. J. Mattingly, filed his answer in four paragraphs, charging in substance: In paragraph one: That as no steps had been taken by the plaintiff after, the order of January 27, 1900, the action had been abandoned and stricken from the docket. In paragraph two: That the execution upon which the action was based was issued on March 17, 1896, and returned on the next day "no property found," the attorney for the plaintiff having placed on said execution the following endorsement: "The sheriff will return this execution forthwith according to the facts;" and alleging that such return in law and in fact was the return of the plaintiff, and not the return of the officer, and was, therefore, void, and no action could be maintained thereon. In paragraph three: That more than fifteen years had elapsed from the date of the issual and return of the execution referred to in the petition before another execution was issued; and that more than fifteen years had elapsed since the issual of the original attachment before another attachment was issued; and the statute of limitations was relied on. In paragraph four: That the land attached was subject to execution; that an execution issued upon the original judgment on August 1, 1911, was levied on this land, and had been quashed by a judgment of the court.

To this answer, plaintiff interposed a demurrer, which was sustained as to paragraph two and overruled as to paragraphs one, three and four; and on motion of defendant, the court quashed the attachment, and plaintiff below is here upon appeal.

The question presented for determination is whether an equitable action properly commenced under section 439 of the Civil Code, stops the running of the statute of limitation against the judgment, satisfaction of which is sought by said action to be enforced, so long as said action is kept on docket; or, is the collection of the judgment under the action barred by the statute of limitation after the expiration of fifteen years from the date of the return of the last execution issued on the judgment, or after the expiration of fifteen years from the date of the issual of the last attachment in the action.

It is contended by appellee that there was no action pending at the time the last attachment was sued out, and that the issual of the summons and order of attachment on the original petition on September 1, 1911, was in effect the institution of a new action; and, more than fifteen years having elapsed since the last execution on

the judgment, that the action is barred. But in this we do not concur. There appears in the record no order of dismissal of the action and it seems from the opinion of this court in the case of Smith v. Meisenheimer, 49 S. W., 969, that such an action cannot ordinarily be dismissed except on motion of the plaintiff therein or by his consent.

In that case, appellant Smith instituted an action upon a return of no property found; sued out an attachment, and levied it on certain real estate claimed by the wife of appellee, Meisenheimer. The circuit court adjudged that the property levied upon belonged to Mrs. Meisenheimer, and thereupon rendered a judgment in her favor, and dismissed the action absolutely both as against Meisenheimer and his wife; and Smith appealed. In disposing of the appeal this court said:

"Appellant's rights to a bill in equity on a return of no property, for attachment or discovery, is not to be confined to one attempt. The remedy is cumulative, and may be repeated until the debt is satisfied. The dismissal of one action can not operate as a bar to another for the same purpose; and *hence so long as a creditor desires, he may continue the case on the docket and by that means avoid a multiplicity of actions.*"

There being no order of dismissal in the case at bar, we are clearly of the opinion that there was an action pending herein at the time the last attachment was sued out. In this character of case, alias attachments may be sued out from time to time without the filing of a new affidavit. Harbour-Pitt Shoe Co. v. Dixon, 22 R., 1170.

So this brings us to the question of whether or not, by reason of the expiration of fifteen years from the return of the execution issued on the judgment, and the expiration of fifteen years from the issual and levy of the last attachment in this action further proceedings in this action are barred.

In the case of H. A. Thierman Co. v. Wolf, 125 Ky., 832, it was the contention of the appellee, Wolff, that if a judgment creditor allows fifteen years to elapse after the issual of an execution upon its judgment, not only is his right to have another execution issued thereon, barred by limitation, but also that the judgment itself is barred, and that the proceedings which had been instituted by Thierman to enforce the satisfaction of the judgment before the expiration of said period of fifteen years, were likewise barred and must abate. It was

claimed in that case by appellee Wolff that in order to keep the judgment alive, execution upon it must be issued at intervals of not more than fifteen years, although there was pending an equitable action to enforce the satisfaction of the judgment; and that although the action was brought within the 15 years from the date of the last execution and was commenced in the manner pointed out by section 2524, Kentucky Statutes, still as it had not been prosecuted to a successful termination within 15 years from the date of the last execution, and no other executions were issued, the plaintiff's right to coerce the collection of the judgment was barred, and the action must abate.

And this court in answer to that contention said:

"But such is not the correct interpretation of the statute. After the new action has been begun, *the statute of limitations relied upon has no further application.* It may apply to prevent the issual of another execution upon the judgment, if more than 15 years is allowed to intervene since the last one, and it may apply against the institution of a new action based on the judgment under those conditions, but it cannot apply to affect the pending action begun within the fifteen years."

This, we think, is conclusive in the case at bar.

It is true that in the case just cited, the property sought to be subjected to payment of the judgment had been found at the commencement of the action, and by reason of the attachment had been held by the garnishee subject to the orders of the court, in effect being in the custody of the court. Still the principle is the same in both cases, and that is that after an execution on a judgment has been returned "no property found" the judgment creditor has two ways to keep the judgment alive. He may keep it alive indefinitely by causing executions to issue on it from time to time within the period prescribed by the staute; or he may keep it alive indefinitely by commencing an action on the judgment under section 439 of the Civil Code within the time and in the manner prescribed by said section, and keeping the action on the docket. And, so long as it is pending he may have alias attachments issued and levied on any property of the debtor subject to attachment, regardless of when the last attachment was issued in the action or the last execution was issued on the judgment.

The lower court, therefore, erred in overruling the demurrer to paragraphs one, three and four of the an-

swer, and in quashing the alias attachment, but properly sustained the demurrer as to paragraph two of said answer.

Judgment reversed for proceedings consistent with this opinion.

Whole court sitting, Judge Nunn dissenting.