## Luther and Morgan v. Payne, Agent.

(Decided January 23, 1923)

### Appeal from Graves Circuit Court.

1. Pleading—Construction.—A pleading is always construed strongest against the pleader, and where it is impossible to tell with certainty from the averments of the pleading whether a new promise on which the party relies for his cause of action was made before or after the statute of limitations had run, the pleading will be construed to aver that the promise was made after the statutes had tolled the cause of action.

2. Limitation of Actions—Revivor.—The statute of limitations once having run in a case *ex delicto* cannot be revived by a new promise upon the part of the defendant to pay damages.

3. Contracts—Promise—Acknowledgment—Payment of Money.—The rule relating to acknowledgments, new promises or part payment has been confined in its application to contracts expressed or implied for the payment of money, and has not been extended to actions in tort.

W. J. WEBB for appellants.

ROBBINS & ROBBINS for appellee.

Opinion of the Court by Chief Justice Sampson—
Affirming.

Appellants, Luther and Morgan, instituted this action against the Director General of Railroads for the recovery of $500.00 damages for the negligent killing by the railroad of two mules owned by appellants. The Director General answered and admitted the killing of the mules by the engine of the train but denied that the killing was the result of the negligence of the train operatives. Further pleading the Director General averred that the mules were killed on February 17, 1919, instead of March 17th, as alleged in the petition, and that more than one year had elapsed between the time of the killing of the mules and the commencement of this action, and relied upon the statutes of limitation in such cases made and provided. By reply appellants admitted that they were mistaken in their averment that the mules were killed on the 17th of March and admitted that the killing happened more than one year next before the commencement of the action, but in avoidance of the statute of limitations appellants pleaded: "They say that after the killing of said mules and they had sustained the injury and damages aforesaid, the defendant and its agents and representatives came to these plaintiffs, viz., the claim agent for defendant, with authority to pay and settle claims, whose name is R. S. Roark, and agreed to pay and settle for said damage and loss and told plaintiffs not to bring suit thereon and same would be paid and satisfied; and relying upon said statements of the defendant, the plaintiffs did not file the suit until after the 17th day of February, 1920, which was postponed and not filed at the instance and request of the defendant and under his agreement to pay and settle said loss; and that as soon as they learned from the defendant that he would not pay said loss, this suit was filed. The plaintiffs, therefore, say that by the act and conduct and representations of the defendant aforesaid, he is barred and estopped from pleading and relying upon the statute of limitations in bar of their action therein." The Director General demurred to this plea, which the court first overruled, but after reconsideration of the questions involved sustained the demurrer to the plea in avoidance, and appellants declining to further plead the petition was dismissed and this appeal results.

Appellants insist that parties to a controversy may by agreement waive the statute of limitations, under our

practice, or by new or subsequent promise toll the running of the statutes and extend the time in which the plaintiff may bring an action, and cites in support of this contention the case of Wright v. Gardner, 98 Ky. 454, where it is said: "It may be proper to add that we do not mean by anything said herein to intimate that a promise to pay a debt by the debtor, after the same is barred by the statute of limitations is not good and enforcible." They also cite the text in 25 Cyc., p. 1016, which reads: "The doctrine of equitable estoppel may, in the proper case, be invoked to prevent the defendant from relying upon the statute of limitations, it being laid down as a general principle that when a defendant electing to set up the statute of limitations previously by deception or any violation of duty toward plaintiff, has caused him to subject his claim to the statutory bar, he must be charged with having wrongfully obtained an advantage which equity will not allow him to hold. Thus defendant will be estopped to set up the statute of limitations in bar of plaintiff's claim when the delay which would otherwise give operation to the statute has been induced by the promise or representation that the statutory bar would not be interposed. And the same rule has been applied where defendant has caused plaintiff to subject his claim to the statutory bar by procuring an injunction against its enforcement." This principle is generally recognized but it has no application to a case arising out of tort, as does this case. The action of assumpsit can only be taken out of the statute of limitations by a new promise or acknowledgment. If the right of action in a case of tort be once barred, no subsequent acknowledgment will take it out of the express language of the statutes. 25 Cyc., p. 1327. There is a clear distinction between cases *ex delicto* and cases *ex contractu* with respect to new promises. In the one case the new promise does not operate to toll the statutes while in the other it does. In the case of Petterson v. Breitag, reported in 88 Iowa 418, it was held that an action for tort when barred by the statute of limitation, cannot like a case founded upon contract, be revived by a new promise. To the same effect is the case of Armstrong v. Levan, 109 Penn. 177, where the court in part said: "The plaintiff in error has given us an elaborate argument to show that a promise to pay after the statute has run, will not revive a tort, and has cited numerous authorities in support of this proposition.

.We concede his law to be sound; his authorities fully sustain his point.''

"The rule," says the authority in 17 R. C. L., p. 894, "relating to acknowledgments, new promise, or part payment has been confined in its application to contracts express or implied for the payment of money and has not been extended to actions in *tort* or upon specialties which are required to be brought within a certain time.'' For cases supporting this text see note 16 of said vol. and page. See also cases cited in note 3, page 1328 of 25 Cyc.

The plea to which the demurrer was interposed was so drafted that it did not show that the new promise, which was offered in estoppel, was made before the statutes had run, and under our rule requiring pleadings to be construed strongest against the pleader, it must be held that the reply in effect avers that the promise to pay for the mules, if suit were not instituted by appellants, was made after the lapse of one year from the time the train killed the mules. This action being *ex delicto* and having been barred by the statutes, the new promise was not sufficient to quicken the dead tort. The trial court having so held in sustaining the demurrer to the reply, the judgment must be and is affirmed.

Judgment affirmed.