## MUTUAL TRUST & DEPOSIT CO.

### v.

### BOONE.

Court of Appeals of Kentucky.

March 12, 1954.

Rehearing Denied May 28, 1954.

James W. Stites, Samuel Steinfeld, Steinfeld & Steinfeld and Marvin M. Sotsky, Louisville, for appellant.

Blakey Helm, Louisville, for appellee.

COMBS, Justice.

The appellant is an Indiana bank. The appellee, S. H. Boone, is a resident of Indiana. The bank recovered judgment in the amount of $6,364.73 against Boone in Indiana in April, 1934. Execution was issued on the judgment and was returned unsatisfied in December, 1934. No other execution has been issued. In 1943, the bank filed a discovery action in the Indiana court against Boone in an effort to locate property out of which the judgment could be satisfied. The discovery suit produced no tangible results and was dismissed in 1946.

In 1951, Boone became entitled to a legacy from a sister who lived in Louisville. The present suit was filed and Boone's interest in his sister's estate was attached. Boone pleaded the Kentucky fifteen-year statute of limitations. The bank asserted, by way of reply, that the Indiana statute of limitations applies in this case, and under the Indiana statute the period of limitation is 20 years; that before the statute had run,

Boone acknowledged the validity of the judgment and promised to pay it; and that the discovery proceedings filed in Indiana during the life of the judgment tolled the running of the statute.

The case was submitted upon Boone's general demurrer to the reply as amended and the demurrer was sustained. The bank having declined to plead further, its petition was dismissed and it has appealed.

The Kentucky statute of limitations on a judgment is fifteen years. KRS 413.090. The comparable Indiana statute is twenty years. Burns' Indiana Statutes (1933), section 2–602. If the Indiana statute is applicable the period of limitation has not expired.

The parties agree that the issues before us are: (1) Is the applicable statute of limitations the Kentucky statute of fifteen years or the Indiana statute of twenty years? (2) Did the discovery proceedings in Indiana toll the running of the statute of limitations? (3) Was the statutory period of limitation extended by Boone's alleged promise to pay the judgment?

■ The answer to the first query is contained in McArthur v. Goddin, 12 Bush 274, 75 Ky. 274. It was said in that case: "It is equally as well established that the limitation law of the state where the remedy is sought, and not that where the parties may happen to live or the transaction entered into, must govern." This rule was reaffirmed in Louisville & N. Railroad Co. v. Burkhart, 154 Ky. 92, 157 S.W. 18, 46 L.R.A.,N.S., 687; Oliver v. Crewdson's Adm'r, 256 Ky. 797, 77 S.W.2d 20; and the recent case of Ley v. Simmons, Ky., 249 S.W.2d 808. Clearly, the trial court was correct in applying the Kentucky statute of limitations.

■ We look now to the effect of the Indiana discovery proceedings on the statute of limitations. It is provided in KRS 413.090 that the period of limitation on a judgment shall be computed from "the date of the last execution thereon." Counsel for the bank contend that the discovery action constituted an execution in legal effect, or at least was a legal substitute for an execution, and that the dismissal of the action, after no property was found, had the same effect as a return of "no property found." The Georgia cases of Conley v. Buck, 100 Ga. 187, 28 S.E. 97, and Gholston v. O'Kelley, 81 Ga. 19, 7 S.E. 107, based on a statute

similar to ours, seem to support this contention. But, as we construe the Kentucky cases, they hold to the contrary. It was held in White & Cochran v. Moore, 100 Ky. 358, 38 S.W. 505, and Swafford v. Howard, 50 S.W. 43, 20 Ky.Law Rep. 1793, that a discovery proceeding is merely a cumulative method of securing satisfaction of a judgment and does not prevent the running of the statute so as to authorize the issuance of new executions on the judgment after the expiration of the 15 year limitation period. It was held in H. A. Thierman & Co. v. Wolff, 125 Ky. 832, 102 S.W. 843, and Slaughter v. Mattingly, 155 Ky. 407, 159 S.W. 980, that a discovery proceeding commenced on a judgment within the statutory period and retained on the docket is not affected by the failure to issue successive executions on the judgment within the statutory period; and that relief may be granted in the discovery proceeding even though the limitation statute prevents the issuance of new executions on the judgment. But that is not the case here. The Indiana discovery proceeding was not retained on the docket. It was dismissed in 1946. We are of the opinion, therefore, that the discovery proceeding, having been dismissed in 1946, did not toll the running of the statute.

The remaining question, and one which has given us some concern, is whether the alleged promise by Boone to pay the judgment tolled the running of the statute. We have held in regard to contractual obligations that a new promise to pay extends the period of limitation. Cox v. Monday, 264 Ky. 805, 95 S.W.2d 785; Crawford's Adm'r v. Ross, 299 Ky. 664, 186 S.W.2d 797. It is pointed out in the Cox case that a new promise to pay a debt not already barred by limitation merely cuts off antecedent time and extends the statutory period from the date of the new promise. In such case the action must be brought on the original promise. But where the debt is already barred by limitation, a promise to pay creates a new obligation and the action must be brought on the new promise.

■ Counsel for the bank admit that this court has never held that a promise to pay a judgment extends the period of limitation, but they maintain we have applied this rule in principle by holding that part payment of a judgment extends the statutory period. It is said that White & Cochran v. Moore, cited above, 100 Ky. 358, 38 S.W. 505, so

holds. It is true that the White case is cited in 21 A.L.R. 1065 as holding that part payment of a judgment suspends the statute of limitations and forms a new point for the running of the statutory period. It appears from the opinion in that case that a payment had been made by the defendant upon an execution issued after the statute had run. It was held that the period of limitation had not been extended, although it was said by way of dictum that part payment of the judgment within the statutory period of limitation would have started the statute running anew. The soundness of this dictum is not now before us and we express no opinion on the question. But in any event, the question of a mere promise to pay was not involved and the White case is not authority on the question now before us.

It appears from the annotation in 21 A.L.R., at page 1064, that it has been held in some states that part payment of a judgment before limitation has run will suspend the running of the statute. But it is pointed out there is a conflict of authority on this point and about an equal number of cases are listed as having held to the contrary. In the same note, at page 1061, there is a list of seven states in which it has been held that acknowledgment of liability on a judgment suspends the statute of limitations. Kentucky is not included in this list.

Counsel for the bank place some reliance upon Davis v. Strange, 156 Ky. 420, 161 S. W. 217. In that case, an execution was issued on a judgment after the statutory period of limitation had expired and the question in the case was whether the time of limitation had been extended. The court found that there had been no new promise to pay the judgment and stated affirmatively that it was unnecessary to consider the effect which a promise to pay would have had upon the operation of the statute of limitations.

■ Originally, there was no provision at common law for the renewal of a contractual obligation by a new promise or agreement. But the harshness of the rule was recognized and exceptions were gradually adopted. Later, Lord Tenterden's Act of 1828 (9 Geo. IV, chapter IV) provided a new promise would not extend the statutory period of limitation unless the promise was in writing. 34 Am.Jur., Limitation of Actions, section 289, page 233. Many states have adopted Lord Tenterden's Act but Kentucky has not. Even so, the rule that the limitation period on an obligation to pay is extended by a new promise, is subject to qualifications.

■ It is stated in 34 Am.Jur., Limitation of Actions, section 291, page 235, that:

"The rule relating to acknowledgments and new promises is confined in its application to contracts express or implied for the payment of money, and does not extend to actions in tort, or to suits founded upon specialties."

That the rule relating to new promises does not extend to tort actions has been expressly recognized by this court. Luther & Morgan v. Payne, 197 Ky. 359, 247 S.W. 39.

■ A specialty is defined in Bouvier's Law Dictionary, Rawle's Third Revision, p. 3100, as an obligation under seal, as distinguished from a promissory note, or other simple contract. The definition has been enlarged in many instances to include judgments, although there is authority to the contrary. Vol. 39A, Words and Phrases, Specialty, page 387. Although the distinction between instruments under seal and those not under seal has been abolished in this state by KRS 371.020, some of the common-law rules applicable to specialties are still recognized.

It was said in City of Louisa v. Horton, 263 Ky. 739, 93 S.W.2d 620, that a promise to pay does not suspend the statute of limitations applicable to one form of specialty; i. e., a statutory liability for an improvement to property, although it was pointed out that the promise might form the basis for an estoppel to plead the statute.

In Dudley v. Lindsey, 9 R.Mon. 486, 48 Ky. 486, the court pointed out that the statute of limitations applicable to contractual obligations does not apply to an action on a

judgment, intimating that the rule applicable to specialties would apply to judgments.

We also note that in the Restatement of the Law of Contracts, Vol. 1, section 86, it is stated that a promise to pay a debt created by contract *other than a judgment* is binding. The exclusion of judgments from the restatement of the rule as to contracts becomes significant when it is noted that in the Restatement of the Law of Judgments there is no reference to renewal of a judgment by a promise to pay.

Since we have found no Kentucky case which has gone so far as to hold that a promise to pay a judgment tolls the running of the statute of limitations, and since our examination of the general authorities has not convinced us that the Kentucky rule should be extended, we are of the opinion the trial judge properly held that a promise to pay the judgment in this case did not extend the statutory period of limitation.

The judgment is affirmed.