RENDERED: JULY 30, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0302-MR

ANGELA FERNANDEZ          APPELLANT

v.        APPEAL FROM WARREN CIRCUIT COURT
HONORABLE STEVE ALAN WILSON, JUDGE
ACTION NOS. 18-CI-00452 AND 10-CI-00993

KELLEY HAMMERS,
INDIVIDUALLY; KELLEY
HAMMERS, AS EXECUTRIX OF THE
ESTATE OF LEO ANTHONY
FERNANDEZ; AND THE TEACHERS'
RETIREMENT SYSTEM OF THE
STATE OF KENTUCKY        APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, JONES, AND TAYLOR, JUDGES.

CALDWELL, JUDGE: This case comes to us after the Warren Circuit Court

entered summary judgment in response to Angela Fernandez's action seeking to

enforce provisions of a Tennessee divorce decree entered in the Fourth Circuit

Court of Davidson County, Tennessee, in 1988.  Following a review of the record and the arguments of the parties, we affirm.

## FACTS

Appellant Angela Fernandez and decedent Leo Fernandez were wed in Texas in 1961.  In the 1970s, they moved their family, which included two children, to Kentucky when Leo became employed by Western Kentucky University in Bowling Green.  In 1976, Angela moved to Nashville, Tennessee, and attended law school at the Nashville School of Law while the couple's daughter attended a private school in Nashville.  Angela and the daughter resided in a condominium purchased by Leo and Angela in Nashville.

When their daughter finished school, she moved back to Bowling Green to live with her father, but Angela remained in Nashville, even after finishing law school.  In 1987, the two began discussing divorce, and Angela filed a divorce action in Davidson County, Tennessee, in 1987.  Leo never appeared before the Davidson Circuit Court, but Angela did.  The court issued a decree in 1988 and among the provisions were instructions for Leo to take certain actions. These included:  pay Angela half the proceeds from any sale of property located in New Mexico; maintain a life insurance policy with Angela as the beneficiary in the amount of $56,000 payable to her on his death; name Angela as the beneficiary of an individual retirement account (IRA) Leo owned at the time of the divorce; and

designate Angela as the beneficiary of his retirement account through the Kentucky Teachers' Retirement System (KTRS), choosing a particular option which would reduce the monthly pension to the retiree but provide a payout to a beneficiary at the retiree's death.

Both Angela and Leo remarried over the years. Leo remained in Bowling Green and Angela in Tennessee. In 1998, Leo retired from Western Kentucky University. In 2017, he passed away. It was only at Leo's death that it was discovered by Angela that he had not followed the dictates of the Tennessee divorce decree entered in 1988. She filed an action in Warren Circuit Court in 2018 seeking to enforce the Tennessee judgment of divorce as it had become apparent that Leo's wife, Kelley Hammers, intended not to probate his estate. Hammers indicated that as the estate did not contain an amount above the marital exemption, she was intending to dispense with administration of the estate.

The Warren Circuit Court granted the motion for summary judgment filed by Hammers as representative of the estate, holding that the statute of limitations in which to enforce the Tennessee judgment had elapsed. Angela filed a motion to alter, amend, or vacate that order. The Warren Circuit Court entered an amended order reaffirming its holding concerning the failure to timely pursue enforcement of the judgment, and additionally held that the Tennessee judgment was not entitled to full faith and credit as Leo had not had sufficient minimum

contacts with the state of Tennessee such that personal jurisdiction could be asserted over him. Angela appealed from this amended order. We affirm.

## STANDARD OF REVIEW

The proper standard of review when examining whether a trial court properly addressed a motion for summary judgment is *de novo*. *Cmty. Fin. Servs. Bank v. Stamper*, 586 S.W.3d 737, 741 (Ky. 2019).

## ANALYSIS

First, we will consider the trial court's determination that the statute of limitations prevents enforcement of the Tennessee decree. If we conclude that the trial court was correct about the matter being out of time, it will not be necessary for us to determine whether the Tennessee decree should be entitled to full faith and credit.

Kentucky Revised Statute (KRS) 413.090(1) clearly establishes a fifteen-year period of limitation to enforce a judgment, including foreign judgments.

> [T]he following actions shall be commenced within fifteen (15) years after the cause of action first accrued:
>
> (1) An action upon a judgment or decree of any court of this state or of the United States, or of any state or territory thereof, the period to be computed from the date of the last execution thereon[.]

This statute is applicable to the present case, leaving only the question of when the "cause of action first accrued." The circuit court held that Angela had a right to maintain a suit for enforcement of the judgment, which required Leo to take certain actions, at the time of the entry of the divorce decree in 1988. We agree with this conclusion.

In *Wade v. Poma Glass & Specialty Windows, Inc.*, the Supreme Court analyzed the meaning of the term *execution* as it appears in KRS 413.090(1). 394 S.W.3d 886 (Ky. 2012). In so doing, the Court examined various cases wherein parties had renewed judgments or sought garnishments.

> The purpose of the statute of limitations was to save "the right of the judgment creditor for [fifteen] years within which to enforce the collection of his judgment." In *Thierman* [*v. Wolff*, 125 Ky. 832, 102 S.W. 843 (1907)] and *Slaughter* [*v. Mattingly*, 155 Ky. 407, 159 S.W. 980 (1913)], the Court did not limit the definition of *execution* in the statute of limitations to a writ of execution. On the contrary, the Court recognized that by enforcing a judgment after it was rendered through either a writ of execution or an action under Section 439 of the Civil Code, the judgment creditor tolls the statute of limitations. This supports the conclusion that *execution* should be defined broadly in KRS 413.090(1). We hold that in the fifteen-year statute of limitations for actions on judgments, the term *execution* is defined as an act of enforcing, carrying out, or putting into effect a judgment.

*Id*. at 894-95 (footnotes omitted).

Angela took none of the actions referred to in *Wade* in that she did not seek specific performance of the actions ordered, she did not petition for a writ, nor

did she attempt to enforce the judgment in any way. Further, she sought no proof of compliance, nor did she take any action analogous to action required pursuant to Section 439 of the old Civil Code, referred to above. As the Supreme Court proclaimed, "We hold that *execution* means an act of enforcing, carrying out, or putting into effect the court's judgment." *Wade*, 394 S.W.3d at 895.

KRS 413.090(1) bars recovery after fifteen years if a judgment is not enforced in any way. We hold that Angela wholly failed to attempt to enforce the divorce decree within the statutory period and is now barred from enforcing it as against Leo's estate or KTRS.

Angela argues that the earliest she could have sought enforcement of the order is at Leo's death, but that is simply not so. The Davidson Circuit Court ordered that Leo take certain actions in relation to marital assets over which he had control, like his KTRS account. It did not order that Angela be the party to inherit the proceeds of the accounts, but that Leo *name* her as the beneficiary. Such belies Angela's argument that her cause of action did not accrue until Leo passed.

Angela also forwards an equitable argument, stating that it would be unjust for the estate to escape the dictates of the divorce decree. However, where the law provides a remedy, equitable remedies cannot be relied upon.

> KRS 413.090(1) establishes a fifteen-year period after the cause first accrues in which an action upon a judgment or decree of any court of this Commonwealth may be brought. Given, therefore, that law has addressed

-6-

the running of time in concerns such as these, equitable
relief through laches and estoppel would not be available.

*Heisley v. Heisley*, 676 S.W.2d 477, 477 (Ky. App. 1984).

It was the failure to enforce the decree at any time after its entry in 1988 that has created this situation, something squarely within the control of Angela. We affirm the circuit court's conclusion that the statute of limitations in KRS 413.090(1) requires this result.

We find *Satterfield v. Satterfield*, to be supportive of our determination, rather than supportive of the outcome Angela insists. 608 S.W.3d 171 (Ky. App. 2020). In that matter, the wife sought entry of a qualified domestic relations order (QDRO) upon the commencement of the husband's retirement, some twenty years after the entry of the decree, when she did not begin receiving a portion thereof as ordered in the decree. The wife then brought an action to have a QDRO entered as the husband had failed to do so as ordered in the decree. The wife took action as soon as she became aware that the husband had not fulfilled his obligations under the decree. In the present case, Angela knew, or should have known, that Leo had retired from his position and was receiving pension benefits in 1998, well within the fifteen-year statute of limitations.

In the present case, however, Angela's dilatory actions vitiate any equitable considerations, and it was Leo who failed to comply with the decree, not his estate, or his beneficiary.

-7-

> *Akers* also ruled that as between innocent parties "he must suffer, who by his acts or laches, has made a loss possible." *Akers* also cited *Louisville Asphalt Company v. Cobb,* 310 Ky. 126, 220 S.W.2d 110 (1949), which stated that ". . . equity aids one who has been vigilant and will refuse relief to one who has been dilatory . . . or who has slept on his rights."

*Tile House, Inc. v. Cumberland Fed. Sav. Bank*, 942 S.W.2d 904, 906 (Ky. 1997), *as amended* (Apr. 25, 1997) (citing *Akers v. Cushman Const. Co., Inc.*, 487 S.W.2d 60 (Ky. 1972)).

Angela had every opportunity over the many years since the entry of the decree to ensure Leo's compliance therewith, but chose inaction. The Davidson Circuit Court ordered Leo to select a payout selection for his retirement benefit from Western Kentucky University which would leave a remainder at his death and ordered that Angela be the beneficiary of that retirement plan. The payout selection ordered reduced Leo's lifetime monthly benefit, so that there would be a remainder for Angela to receive. Thus, Angela should have taken some action to ensure that Leo had complied with the Davidson Circuit Court decree as to his retirement payout selection. She would have been aware of the general time of Leo's retirement, given her knowledge of his age. Regardless, she wholly failed to take any action to secure her rights under the decree and the statute of limitations must be upheld.

Having found that this action is barred by the statute of limitations, it is unnecessary for us to determine the question of whether the Davidson Circuit Court had personal jurisdiction over Leo such as that the decree was entitled to full faith and credit. We affirm.


JONES, JUDGE, CONCURS.

TAYLOR, JUDGE, CONCURS IN RESULT ONLY.


BRIEFS FOR APPELLANT:

Joyce A. Merritt
Stephanie Tew Campbell
Lexington, Kentucky

BRIEF FOR APPELLEES KELLEY HAMMERS AND THE ESTATE OF LEO ANTHONY FERNANDEZ:

James R. Laramore
Bowling Green, Kentucky

BRIEF FOR APPELLEE THE TEACHERS' RETIREMENT SYSTEM OF THE STATE OF KENTUCKY:

Tamela A. Biggs
Frankfort, Kentucky